J. A. WALTEMEYER, Respondent, v. KANSAS CITY, Appellant; NATIONAL WATERWORKS COMPANY, Defendant.

Kansas City Court of Appeals, May 17, 1897.

1. **Municipal Corporations**: NEGLIGENCE AS TO STREETS: IMMA-TERIALITY OF ACTION OF THIRD PARTY: CONTRIBUTORY NEGLIGENCE. Plaintiff injured by falling on the ice on the defendant city's street, sued the city and the waterworks company which flooded the street. *Held*, as to the liability of the city it is immaterial whether the water-works lawfully or unlawfully flooded the streets. The sole question was as to whether the city was negligent in allowing the obstruction to remain after having knowledge thereof; and plaintiff's knowledge of the ice was not of itself sufficient to bar his recovery on the ground of contributory negligence unless it was obviously unsafe, but such knowledge should go to the jury on the question of contributory negligence.

2. **Freeholders' Charter of Kansas City**: NEGLIGENCE: LIABILITY OF THIRD PARTY WITH CITY: NOTICE. Where a third party is liable with the city for negligence and the plaintiff sues the city and third party jointly, the city is not compelled to give the notice required by the freeholders' charter in cases where the city alone is sued, and the plaintiff has waived such notice.

3. **Municipal Corporations**: NEGLIGENCE AS TO STREETS: LIABILITY OF WATER COMPANY FOR DISCHARGING WATER ON STREET. A water company that discharges water on the street rendering the same unsafe by forming ice thereon, is liable with the city to parties injured by reason thereof.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*H. C. McDougal* and *L. A. Laughlin* for appellant.

(1) The court erred in refusing to instruct the jury peremptorily to find for appellant, for the reason that the opening of the fire hydrant to keep it from

freezing was an act done in the performance of a public governmental duty to extinguish fires for which the city is not liable. *McKenna v. St. Louis*, 6 Mo. App. 320; *Heller v. Sedalia*, 53 Mo. 159; Tiedeman, Mun. Corp., sec. 333; Dillon, Mun. Corp. [4 Ed.], sec. 976; *Howard v. San Francisco*, 51 Cal. 52; *Alexander v. Vicksburg*, 68 Miss. 564; *Grube v. St. Paul*, 34 Minn. 402; *Jewett v. New Haven*, 38 Conn. 368; *Hafford v. New Bedford*, 16 Gray, 295; *Gillespie v. Lincoln*, 35 Neb. 34; *Mayor v. Workman*, 67 Fed. Rep. 347; *Pettingell v. Chelsea*, 161 Mass. 368; *Hayes v. Oshkosh*, 33 Wis. 314; *Greenwood v. Louisville*, 13 Bush. (Ky.) 226; *O'Meara v. Mayor*, 1 Daly (N. Y.), 425; *Fisher v. Boston*, 104 Mass. 87; *Wilcox v. Chicago*, 107 Ill. 334; *Burrill v. Augusta*, 78 Me. 118; *Forbush v. Norwich*, 38 Conn. 225; *Smith v. Rochester*, 76 N. Y. 506; *Kies v. Erie*, 135 Pa. St. 144; *Welsh v. Rutland*, 56 Vt. 228; *Simon v. Atlanta*, 67 Ga. 618; *Edgerly v. Concord*, 59 N. H. 78; *Cook v. Milwaukee*, 27 Wis. 191; *Fire Ins. Patrol v. Boyd*, 120 Pa. St. 624. (2) The plaintiff was guilty of contributory negligence, according to his own testimony, in walking on the icy cross-walk when, by making a slight detour, he could have avoided it. *City of Erie v. Magill*, 101 Pa. St. 616; *Wilson v. Charlestown*, 8 Allen, 137; *Hausmann v. Madison*, 85 Wis. 187; *Schaefler v. Sandusky*, 33 Ohio St. 246; *Durkin v. Troy*, 61 Barb. 437; *Kleng v. Buffalo*, 72 Hun, 541; *City of Quincy v. Barker*, 81 Ill. 300; *Wright v. St. Cloud*, 54 Minn. 94; *Cosner v. Centerville*, 90 Iowa, 33; *Black v. City of Manistee*, 64 N. W. Rep. 868; *Cohn v. City of Kansas*, 108 Mo. 387. (3) The court erred in giving plaintiff's instruction number 2 for the reason that it ignores the question of the contributory negligence of plaintiff in attempting to pass over the ice instead of avoiding it. *Griffith v. Conway*, 45 Mo. App. 574;

*Cameron v. Hart*, 57 Mo. App. 142; *Evers v. Shumaker*, 57 Mo. App. 454; *Bank v. Murdock*, 62 Mo. 70; *Welsh v. Edmisson*, 46 Mo. App. 282; *Carroll v. R'y*, 60 Mo. App. 465; *Birtwhistle v. Woodward*, 95 Mo. 113. (4) The court erred in instructing the jury to find for the defendant, the National Waterworks Company, for the reason that there was evidence sufficient to go to the jury that employees of said company opened the hydrant. The city has the right under article 17, section 11 of its charter, to except to the action of the court in directing a verdict for its codefendant. *Wiggins v. St. Louis*, 37 S. W. Rep. 528; *Donoho v. Iron Works*, 75 Mo. 405; *Schweickhardt v. St. Louis*, 2 Mo. App. 571; arts. 16, 17, secs. 9, 11, of the charter of Kansas City.

GILL, J.—This is an action for personal injuries received by the plaintiff February 7, 1895, from a fall on ice which had accumulated on the street crossing at Twenty-second street and Woodland avenue, Kansas City. There was a water hydrant at the northwest corner of these streets—placed there at what is called the "dead end" of a water main. At that date the National Waterworks Company owned the water system at Kansas City; and it seems that during the very cold weather of that winter the water company had at intervals opened this hydrant and let the water flow onto the street. This was done to purify the water and keep the hydrant open and free from ice. By this repeated escape of water, and which had spread over the street, a coating of ice had formed so as to cover a large part of the area at the street intersection as well as the crossings for pedestrians on both the west and south sides. Just after dark of the evening in question plaintiff was traveling along the south side of Twenty-second street, going to his home about half a block distant. When he came upon the

ice at the crossing he slipped and fell, breaking a bone of his left arm. His complaint against the water company was, as set out in his petition, that it negligently turned the water onto the street, when it knew that freezing would follow and the street thereby be rendered unsafe for travel, and charged negligence on the city for allowing this accumulated ice to continue, thereby endangering the traveling public. The answer consisted of a general denial, coupled with an allegation of contributory negligence on the part of the plaintiff. The court sustained a demurrer to the evidence in so far as the water company was concerned, but let the case go to the jury as to the defendant city, against whom there was a verdict and judgment for $500, from which it appealed.

I. Much of the city counselor's brief is taken up with the contention that the trial court should have given a peremptory instruction to find for the defendant city, because, it is said, the opening of the fire hydrant to keep it from freezing, etc., was an act done in the performance of a public governmental duty, and for which the city is not liable in damages.

In this controversy, as between the city and plaintiff, it is wholly unnecessary to decide whether or not the discharge of water from the hydrant was or was not an act of the governmental class, or whether this was rightly or wrongfully done. As against the *city*, that is not a matter complained of. In the petition, this is the wrong charged against the water company; and since the trial court nonsuited the plaintiff as to its claim against that defendant, this particular matter of alleged negligence is no longer in the case. The sole question here is, did the city negligently permit a dangerous obstruction to remain in one of its public streets, and was the plaintiff thereby injured.

MUNICIPAL corporations: negligence as to streets: immateriality of action of third party: contributory negligence.

If this is true, and the plaintiff not chargeable with contributory negligence, then the defendant city is liable. It matters not how, or by what means, the obstruction got there, whether through the proper or improper acts of the water company or city, the duty still rested on the latter to remove such dangerous obstruction as soon as it could with reasonable diligence after it had knowledge or means of knowledge of the existence thereof. It is the well settled law of this state that the city is in duty bound for the exercise of proper care to keep its streets, sidewalks, and crossings in a reasonably safe condition for persons traveling thereon by night as well as by day. *Carrington v. St. Louis*, 89 Mo. 208; *Hinds v. Marshall*, 22 Mo. App. 208, and numerous other cases that might be cited. These two cases are selected because they more nearly than others fit the facts of this case and completely answer defendant's contention as to the law applicable thereto.

The mere fact that plaintiff had prior knowledge of the existence of the ice at the crossing was not of itself sufficient to bar a recovery. The use of a street, sidewalk or crossing known to be defective or obstructed, can not be declared negligence as matter of law. It is only where the defect or obstruction is so obviously unsafe that a prudent person in the exercise of ordinary care would not venture thereon. The knowledge of the pedestrian together with the ways open for avoiding the obstruction, and the like, are matters bearing on the issue of contributory negligence which ordinarily should be submitted to the jury. *Gerdis v. Iron and Foundry Co.*, 124 Mo. 347; *Taylor v. Springfield*, 61 Mo. App. 263.

While plaintiff knew of the ice formation over the crossing, the evidence yet tends to show that he was not conscious of its rough and uneven shape which rendered it unsafe to walk upon. We think under the

circumstances detailed in the evidence it was proper to submit the defense of contributory negligence to the jury, as the court did by proper instructions.

II. It is further contended that the case was improperly dismissed as to the National Waterworks Company, or rather, that the court erroneously sustained its demurrer to the evidence. This contention is based on a provision of the Kansas City charter, reading as follows: "Whenever the city shall be liable to any action for damages by the reason of the unauthorized or wrongful acts, or of the negligence, carelessness or unskillfulness of any person or corporation, and such person or corporation shall also be liable to an action on the same account by the party so injured, and such injured party sue the city for damages suffered by him, and the city shall, in writing filed in the cause within fifteen days after the first day of the next term of the court after the service of the writ in said cause, notify the plaintiff or his attorney of record that such person or corporation, giving the name and residence of such person or corporation, is jointly liable with the city in such case, then the plaintiff in such action shall join such party or corporation as a defendant in said action, and any such cause shall not be prosecuted against the city until such party or corporation is made a codefendant with the city, *provided*, that if the city shall fail to file in said cause the notice as above provided, then the provisions of this section shall not apply in such case."

Our first impressions were that as the city did not give the notice mentioned in this section of the charter,

FREEHOLDERS' charter of Kansas City: negligence: liability of third party with city: notice.

it had no right to complain of the judgment exempting the water company from liability; that to entitle the city to the benefits of the foregoing section it was bound to file such notice with the papers

of the case.    After a more mature consideration, however,—brought about by the city's motion for rehearing—we now think otherwise, and hold that, as the plaintiff in the first instance made the water company a party defendant, such notice was unnecessary and the plaintiff will be deemed as having waived the same.

The question then is, did the trial court err in peremptorily instructing the jury to return a verdict for the water company? We think it did. MUNICIPAL corporations: negligence as to streets: liability of water company for discharging water on street. The evidence tends to prove that the obstruction in the street was created by and through the negligent acts of said water company in that it discharged the water on the street where it formed into ice which it failed to remove.    While the mere act of discharging the water was perhaps not negligence, it was still the duty of the water company to prevent the dangerous accumulation of ice by removing the same from time to time.    As already said, however, this did not relieve the city from the duty of keeping its streets free from such obstructions.

Unquestionably now if this judgment in favor of the defendant water company should be allowed to stand, it would be a bar in any future contest between the city and said company.    To relieve such bar therefore we shall reverse the judgment in favor of the water company in so far as it affects the right of the city, but affirm the plaintiff's judgment against the city.    We have a precedent for this in *Wiggin v. St. Louis*, lately decided by the supreme court, and reported in 37 S. W. Rep. 528.