JAMES DWYER, RESPONDENT, *v.* SALT LAKE CITY, APPELLANT.

CONTRIBUTORY NEGLIGENCE — DUE CARE — QUESTIONS OF FACT UNDER PROPER INSTRUCTIONS — NOT QUESTIONS OF LAW.

Although plaintiff had full knowledge of the fact that defendant had torn up the street in front of plaintiff's premises and left it in a dangerous condition, he was not bound absolutely to refrain from using the sidewalk and street, merely because of his knowledge of such condition; such knowledge has a bearing in determining whether or not plaintiff was in the exercise of proper care at the time of the accident, but does not, as a matter of law, establish contributory negligence; and the question of whether or not he exercised due care, was, under the circumstances, a question of fact for the jury, under proper instructions, and not one of law for the court.

(Decided June 8, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff to recover damages for personal injuries alleged to have been received by plaintiff through negligence of defendant.

From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. C. Hall, Esq.*, and *C. B. Stewart, Esq.*, for appellant.

The court erred in not granting defendant's motion fo a non-suit at the close of plaintiff's testimony. The plaintiff knew of the excavation made in front of his premises, four or five months prior to the night of the injury, and had observed it daily during that time.

Where the facts are undisputed, and but one reasonable inference can be drawn therefrom, whether there was contributory negligence on the part of the plaintiff, is a question of law for the court. *Bunnell* v. *Ry. Co.*, 13 Utah, 314, 322; *Butte* v. *P. V. Coal Co.*, 14 Utah, 282; 47 Pac., 77; *Wormell* v. *Railroad Co.*, 79 Me., 397; *Schrevers* v. *Depot Co.*, 126 Mo., 665; *Hilsenbeck* v. *Guhring* (N. Y.), 30 N. E., 580; *Apsey* v. *Railroad Co.* (Mich.), 47 N. W. 513· *Naylor* v. *Railroad Co.*, 53 Wis., 661.

Where plaintiff's own testimony shows contributory negligence, the court should grant a non-suit. *Butte* v. *P. V. Coal Co.*, 14 Utah, 282; 47 Pac., 77; *Hott* v. *Peters*, 55 Wis., 405; *Hoyt* v. *City of Hudson*, 41 Wis., 105; *Bunt* v. *Mining Co.*, 138 U. S., 483; *Cook* v. *Mining Co.*, 12 Utah, 57; *Kilroy* v. *Foss*, 161 Mass., 138; *Victor Coal Co.* v. *Muir*, 20 Col., 320.

If a person knows there is an obstruction in a street and he attempts to pass the place, when in consequence of the darkness of the night, or other hindering causes, he can not see the obstruction, and runs upon it, he has no reason to complain of the injury he may sustain. In such a case he takes the risk upon himself. *Pittman* v. *El Reno*, 46 Pac., 498; *Corbett* v. *City of Leavenworth,*

27 Kan., 673; *Broker* v. *Town of Covington*, 69 Ind., 33; *Parkhill* v. *Town of Brighton*, 61 Iowa, 103; *Schoefler* v. *City of Sandusky*, 33 Ohio, 246; *City of Centralia* v. *Krouse*, 64 Ill., 19,

Messrs. *Powers, Straup & Lippman*, and *F. J. Gustin, Esq.*, for respondent.

Going upon a sidewalk known to be out of repair is not in itself negligence.  One traveling upon a sidewalk known to be out of repair must exercise the care of a reasonable, prudent person, and whether or not he has done so is for the jury.  *Village of Cullom* v. *Justice*, 161 Ill., 372; *Sias* v. *Village of Reed City* (Mich.), 61 N. W., 502; *Malary* v. *City of St. Paul* (Minn.), 56 N. W., 94; *Doan* v. *Town of Willow Springs* (Wis.), 76 N. W., 1104; *Allegheny County* v. *Broadwaters* (Md.), 16 At., 223; *Kelly* v. *Blackstone*, 147 Mass., 448; *Dundas* v. *City of Lansing* (Mich.); 42 N. W., 1011; *Whoran* v. *Argentine* (Mich.), 1 Am. Neg. Rep., 466; *Bonga* v. *Weare Tp.* (Mich.), 67 N. W., 557; *Giraudi* v. *Electric Imp. Co.*, 107 Cal., 120; *Van Praag* v. *Gale*, 107 Cal., 438; *Walker* v. *Decator Co.*, 67 Iowa, 307; *Kingsly* v. *Mulhall*, 95 Iowa, 755; *Nichols* v. *Town of Laurens*, 96 Iowa, 388.

BARTCH, C. J.

This was an action to recover damages for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant.  The testimony shows, substantially, that in the latter part of the year 1894, the defendant city, in grading on North Temple street, where the plaintiff resided, made an excavation immediately in front of his premises, and left, at the outer edge of the sidewalk, unguarded and unprotected, an embankment, nearly perpendicular, and about two and

a half to three feet high.   On the night of January 11,
1895, the plaintiff, while going from the house to his
buggy, which was in the street in front of the house,
fell over the embankment and received the injuries of
which he complains.   From the evidence it appears that
he walked carefully, but the night was too dark to see
any object, and although he knew the embankment was
there, he had no idea he was so near it until he fell.
Just before he fell he crossed an irrigating ditch which
was on the sidewalk, and forgot about the embankment
which was on the outside of the ditch.   He had observed
the embankment and known it was there ever since it was
made — for several months before the accident, passing
it frequently, but, so as to avoid crossing it, he usually
got into his buggy in the back yard, and then drove out
into the street, and back into the yard the same way,
seldom using the walk at the embankment.   Although
there were electric lamps at the street corners east and
west of his premises, for the purpose of lighting the
street, they were not lit on the evening in question.
At the close of plaintiff's testimony the defendant made a
motion for a non-suit on the ground, among others, that
the plaintiff's evidence shows that he was guilty of such
contributory negligence that he can not recover.   The
motion was overruled, and, upon the submission of the
case to the jury, a verdict was returned in favor of the
plaintiff for $1,200, and judgment entered accordingly.

The only question discussed by counsel for the appellant
in their briefs, and properly before us on this appeal, is
that raised by the motion for a non-suit — whether the
plaintiff on the occasion of the injury was guilty of such
contributory negligence as in law prevents a recovery.
We are of the opinion that this question must be answered
in the negative.   Under the facts and circumstances sur-

rounding and connected with the accident, the court would not have been justified in granting the non-suit.

Although the respondent had previous knowledge of the condition of the sidewalk and embankment, and undertook to cross the embankment on a dark night, and momentarily forgot about it, yet such knowledge, undertaking, and forgetfulness were not conclusive evidence of such contributory negligence as would bar a recovery. He was not bound to absolutely refrain from using the sidewalk and street in front of his premises, merely because of his knowledge of its dangerous condition. Such knowledge, and the manner and time of using the sidewalk, had a very important bearing in determining whether or not the respondent was in the exercise of proper care when the accident occurred, but did not, as matter of law, establish contributory negligence. He was bound to exercise such care as a man of ordinary prudence and caution would, under similar circumstances, have exercised, and, there being evidence tending to show that the injured, just before falling over the embankment, had proceeded cautiously, whether or not he exercised due care, was, under all the circumstances, a question of fact to be submitted to the jury, under proper instructions, and not one of law for the court.

In *Weare* v. *Fitchburg*, 110 Mass., 334, the plaintiff, a lady, sued to recover for injuries occasioned by falling, on a dark night, over a stone which had been for several months on the sidewalk near her house. On the night in question she was at the house of a neighbor visiting, and was suddenly called home to attend her children, and, running along the sidewalk, struck against the stone, which she knew to be there, but of which she was not thinking at the time, the court referring to this evidence said: "We can not say, as matter of law, that this shows

conclusively that she was careless, or that there is no evidence tending to show the contrary. Previous knowledge of the existence of the defect, and a residence in its immediate neighborhood, are not conclusive against her. It is for the jury to determine, in view of all the circumstances, whether the care and circumspection used in any given case was such as ought reasonably to have been exercised by the traveler."

So, the supreme court of Massachusetts in another similar case, *Kelley* v. *Blackstone*, 147 Mass., 448, observed: "It certainly does not clearly appear thereby that she knew there was at that point 'a washout at the side of the road,' or 'a hole,' which are the terms she used in describing the place into which she fell. Nor, even if she had full knowledge of the exact character of the defect, would it necessarily follow that she failed in the exercise of due care because she crossed to the easterly side of the road to avoid meeting strangers after nightfall, or because, as she states, she was not thinking about the road when she fell. A traveler may have his attention momentarily diverted from the defects in the way, even if known to him, and yet be in the exercise of due care."

In *Lowell* v. *Watertown*, 58 Mich., 568, it was said: "The defendant's counsel claim that his knowledge of the defect, and his having it in his mind at the time, was conclusive evidence of his want of ordinary care in stepping into the very hole he had it in mind to avoid; and that for this reason the case should have been taken from the jury. We can not accede to this view. A person is not necessarily precluded from recovering for an injury caused by a defect in a highway, simply for the reason that he was aware of such defect; but this fact, with all others, is proper to be taken into consideration by the

jury in determining whether, under all the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured."

Likewise, in *Maloy* v. *City of St. Paul*, 54 Minn., 398, it was said: "In accordance with the prevailing rule everywhere, it has again and again been held by this court that previous knowledge of the condition of a street or sidewalk is not conclusive evidence of contributory negligence, so as to bar a recovery by a person injured in consequence of its being out of repair." *Allegheny County* v. *Broadwaters*, 69 Md., 533; *Sias* v. *Village of Reed City*, 103 Mich., 312; *Village of Cullom* v. *Justice*, 161 Ill., 372; *Dean* v. *Town of Willow Springs*, 76 N. W. R., 1104; *Giraudi* v. *Electric Imp. Co.*, 107 Cal., 120; *Chilton* v. *Carbondale*, 160 Pa. St., 463; *Walker* v. *Decatur County*, 67 Ia., 307; *Mc Guinness* v. *Worcester*, 160 Mass., 272; *Stokes* v. *Ralpho Tp.*, 40 Atl., 958; *Nichols* v. *Town of Laurens*, 96 Ia., 388; *The City of Bedford* v. *Neal*, 143 Ind., 425; *Bonga* v. *Weare Tp.*, 67 N. W. R., 557; *Waltemeyer* v. *Kansas City*, 71 Mo. App., 354.

The question of contributory negligence having been submitted to the jury, and there being no question respecting the charge of the court, properly before us, the determination of the jury must be regarded as conclusive.

The judgment is affirmed, with costs.

Miner, J., and Baskin, J., concur.