[S. F. No. 9665.  In Bank.—March 27, 1922.]

## ALOIS MEINDERSEE et al., Respondents, v. FRED MEYERS, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—PLEADING.—In this action for damages for personal injuries alleged to have been caused by one of the plaintiffs falling into an unguarded excavation made by the defendant in a street, it is held that there was no prejudicial error in refusing defendant permission to file an amended answer setting forth the defense of contributory negligence, in that plaintiffs had unlawfully erected a fence in a public street, as the matter was immaterial.

[2] ID.—EVIDENCE—PROVINCE OF JURY.—In such a case, where different conclusions can be drawn from the evidence as to knowledge of the plaintiffs of the excavation and their conduct with reference thereto, and whether the information possessed by them was sufficient to impress upon their minds the danger, the questions were for the jury to determine, as was the question whether or not it was want of ordinary care for the injured person not to have the open excavation in mind when approaching it.

[3] ID. — CONTRIBUTORY NEGLIGENCE — PLEADING. — In such a case alleged contributory negligence of the husband (one of the plaintiffs) in not warning his wife (the other plaintiff) of the danger incident to the unsafe condition of the street was a matter of affirmative defense, and should have been pleaded.

APPEAL from a judgment of the Superior Court of Contra Costa County.  A. B. McKenzie, Judge.  Affirmed.

---

2.  Forgetfulness of obstacle or defect as contributory negligence, notes, 44 Am. Rep. 276; Ann. Cas. 1915B, 764; 39 L. R. A. (N. S.) 896.

The facts are stated in the opinion of the court.

Faulkner & Faulkner and Pierce & Carlson for Appellant.

T. H. DeLap and Will S. Robenson for Respondents.

WASTE, J.—The plaintiffs, husband and wife, brought this action to recover damages from the defendant for injuries alleged to have been sustained by the wife, through falling into an excavation made in the street by employees of the defendant, and left in an unguarded condition. The action was tried with a jury, which awarded plaintiffs a verdict of seven thousand five hundred dollars. This amount was reduced by the trial court to five thousand dollars, with the consent of the plaintiffs, as an alternative to granting a motion for a new trial. Judgment was entered for that amount and the defendant has appealed.

The defendant is the owner of a waterworks system in the city of Richmond. On the afternoon on June 4, 1919, one of his employees began digging a trench in the street directly in front of the property of the plaintiffs for the purpose of installing a water-meter. The house is located in what appears to be a somewhat unimproved section of the city, and owing to uncertainty as to the property line the plaintiffs had constructed and maintained a fence around the supposed area of their lot, which also inclosed that portion of the street ordinarily used for sidewalk purposes. The front fence was, therefore, several feet nearer the water-main in the street than it would have been had the fence been properly located. At the time of the accident a board walk, about two and a half feet in width and eight inches above the ground, extended from the front steps of the house, through a gate in the fence, into the street and over the location of the service pipe leading into the premises. In an effort to locate the stop-cock and shut off the water, preparatory to installing the meter, the employee of defendant dug a trench, along and in the general direction of the service pipe, varying from one to four feet in width and about twenty inches in depth. Not having located the shut-off, the employee removed the walk and continued the trench about eight feet toward the house. He was assisted in his search by another employee of defendant who was

more familiar with the premises. As they were unable to locate the stop-cock by quitting time, the men concluded to abandon the work for the day. Mrs. Meindersee's attention was called to the work the men had done, with an explanation by them as to why they were quitting work, and was asked if it would be all right to leave the "ditch open" until the following day.. She replied, according to the testimony of the defendant's employee, that "it was all right." The men then went away and left the open excavation unprotected by any barriers, and without warning lights or other danger signals to indicate its presence.

Mr. Meindersee returned from his work about 5 o'clock, and was told by his wife that the defendant was installing a meter for the house. He walked out as far as the front gate and, according to his testimony, casually glanced at the excavation, and went away. Some time later in the day both of the plaintiffs, according to their testimony, saw the defendant and one of his employees spend some time in front of the house. They also went away, leaving the trench open and unguarded.

Later in the evening Mrs. Meindersee and a neighbor, Mrs. Betzer, went to a moving picture show, going out by the back way. About 11 o'clock they returned. On alighting from the street-car Mrs. Meindersee took a path or trail across the block leading to the front of the house which, she testified, she always used, intending to go over the board walk to the front gate and around to the back of her house. The night was dark, and there being no lights or obstructions to guard the excavation, she fell into the trench and was badly hurt. No point is made on this appeal as to the extent or duration of her injuries.

The defendant in his answer to the second amended complaint denied specifically many of the essential allegations of the plaintiffs, and set up, as a defense, contributory negligence on the part of Mrs. Meindersee in carelessly putting herself in position to fall into the excavation, notwithstanding that she had actual knowledge of its existence. Thereafter the defendant sought leave of the court to file an amended answer containing some minor amendments, and setting out as. a further defense that the plaintiffs were guilty of contributory negligence, in that they had erected and were maintaining an unlawful structure in a public

street, to wit, the fence about the front of their lot, which inclosed part of the highway, and that such unlawful structure proximately contributed to the injuries sustained by Mrs. Meindersee.  The request for leave to amend was accompanied by an affidavit on the part of the defendant wherein he alleged that he did not know of the existence of the fence until at or about the time of making such application.  The plaintiffs objected to the amended answer, and the court permitted it to be filed only so far as the minor changes were concerned.  Appellant contends that he was prejudicially injured by this ruling in that he was thereby deprived of the right to set up the maintenance of the fence in the street as one of the contributing causes of Mrs. Mcindersee's injuries.  His theory is, in brief, that but for the inclosure of a portion of the street within the fence, there would have been an open passageway along the sides of the excavation, where the open sidewalk should have been.  [1] We are unable to discover how that fact sheds any light upon the proximate cause of the accident to Mrs. Meindersee. She followed the usual path in going from the car to her home, and walked into the excavation which had been left in an unsafe condition by reason of the digging of the trench and the removal of the board walk at that point.  It is quite apparent that the proximity of the fence in the street had nothing to do with the accident.  Notwithstanding that there might have been all sorts of ways for avoiding the pitfall, by going around it if Mrs. Meindersee had known or appreciated its presence, the fact remains that the usual pathway used by her on such occasions led directly to the board walk and the gate in the fence.  The defendant's employees removed the sidewalk and dug a deep hole in the path. They negligently left it open, unguarded, and unmarked, not only in violation of the ordinary rules of precaution in such matters, but also in direct contravention of an ordinance of the city of Richmond which requires that every person making any excavation in the public streets shall place and maintain barriers at such places as may be necessary to prevent accidents, and shall protect such dangerous places with proper lights between sunset and sunrise, which latter fact, in addition, constituted negligence *per se*.  Conquently we are unable to see how any ultimate prejudice was suffered by the appellant by reason of the action of the

court in refusing him permission to set up the existence of the fence as a contributory cause of the injury to Mrs. Meindersee. He has shown no causal connection between the existence of the fence and the accident on which to predicate the defense of contributory negligence. Hence he was not harmed by the ruling. (*Barrett* v. *Metropolitan Co.*, 172 Cal. 116, 120 [155 Pac. 645]; *Vallejo etc. Ry. Co.* v. *Reed Orchard Co.*, 169 Cal. 545 [147 Pac. 238].)

The appellant contends that the evidence conclusively shows that Mrs. Meindersee knew of the existence of the excavation and the danger attendant upon the use of the street in proximity thereto; that she was bound by such knowledge as matter of law, and voluntarily assumed the risk attendant to the use of the street, there being another and safer means of access to and from her home by a back way. In the same connection appellant contends that the husband had knowledge of the dangerous condition of the walk and the excavation, and was guilty of negligence in not warning his wife, and that both plaintiffs are barred from recovery thereby. There was evidence from which the jury might well have inferred that both Mrs. Meindersee and her husband had obtained considerable knowledge of the work being done by appellant's employees, and of the dangerous condition in which the pathway had been left. On the other hand, Mrs. Meindersee testified that when appellant's employees told her that the trench would be left open, a point on which appellant places much stress, the conversation took place just outside the screen door of her house, and that she took no notice of what had actually been done. The husband had apparent opportunity for a more extended observation of the unsafe condition of the pathway, but contended that his examination was of but a casual nature. There was considerable testimony by both of the plaintiffs and minute cross-examination of them on that subject. The employees of defendant were also closely examined touching the same matter. **[2]** While no particularly glaring conflicts are present, different conclusions as to the knowledge and conduct of the plaintiffs may be reasonably drawn by different minds from the same evidence, thus presenting a case peculiarly within the province of the jury to determine. Whether or not the information possessed by the plaintiffs was sufficient to impress upon their

minds the danger incident to a use of the accustomed pathway in the dark, was a question for it to decide. We are unable to say, as matter of law, and against the testimony of the plaintiffs, that they had such notice, and did appreciate such danger. Even assuming that their observation of the work done was more or less extensive during the day, it was for the jury to say whether it was a want of ordinary care for Mrs. Meindersee not to have the open excavation in mind when she returned home at 11 o'clock that night, for it has been repeatedly held that even with full knowledge of such danger one may be injured and yet be in the exercise of due care. (*Giraudi* v. *Electric Imp. Co.*, 107 Cal. 120, 126 [48 Am. St. Rep. 114, 28 L. R. A. 596, 40 Pac. 108]; *Dwyer* v. *Salt Lake City*, 19 Utah, 521 [57 Pac. 535]; *Kelly* v. *Blackstone*, 147 Mass. 448, 451 [9 Am. St. Rep. 730, 18 N. E. 217]; *Lowell* v. *Township of Watertown*, 58 Mich. 568, 569 [25 N. W. 517]; *Maloy* v. *City of St. Paul*, 54 Minn. 398, 402 [56 N. W. 94]; *Waltemeyer* v. *Kansas City*, 71 Mo. App. 354, 358.)

Appellant seeks to bring this case within the rule of those decisions which hold that momentary forgetfulness of a danger, which forgetfulness is not induced by some sudden and adequate disturbing cause, is itself, as matter of law, contributory negligence barring a recovery for personal injuries. (See *Reynolds* v. *Los Angeles G. & E. Co.*, 162 Cal. 327 [Ann. Cas. 1913D, 34, 39 L. R. A. (N. S.) 896, 122 Pac. 962], and *Jacobson* v. *Oakland Meat Co.*, 161 Cal. 425 [Ann. Cas. 1913B, 1194, 119 Pac. 653], and the cases cited therein.) But, as was said by the court in the Jacobson case (page 430), "undoubtedly there was one element in all of those cases which is missing in this one, and that is the plaintiff's familiarity with the danger which he forgot." So here the evidence of both Mr. and Mrs. Meindersee tended strongly to negative any theory of familiarity with the condition in which the street in front of their house was finally left by defendant and his employees, or of appreciation of the dangerous condition created thereby. Mrs. Meindersee's observation, according to her testimony, was made from a point some distance from the work being done. She paid but little attention to what was going on in the street, and there is evidence that the fence and shrubbery in the yard to some degree obstructed her view. Both of the plaintiffs

saw the defendant and an employee doing something later in the evening near the place where the men had been working. They had a right to assume that the defendant would not leave the trench in such an unguarded and dangerous condition, but would take the ordinary precaution to render the street and passageway safe for those having occasion to use it when the men were not working there. Furthermore, even forgetfulness of a known danger will not always operate to prevent such recovery, for to forget is not negligence unless it shows a want of ordinary care. Generally the question is one for the jury (*Roseberry* v. *Edward F. Niehaus & Co.*, 166 Cal. 481, 483 [137 Pac. 232]), and the present case comes well within the rule.

[3] The alleged contributory negligence of the husband in not warning his wife of the dangers incident to the unsafe condition of the street was a matter of affirmative defense, and should have been pleaded. No offer or attempt to plead it was made by appellant. Some evidence appears in the record, without objection on the part of the plaintiffs, to the effect that the husband did not so warn his wife, but it seems to have been offered in connection with the general issue as to the knowledge the plaintiffs had of the condition of the street, and is not sufficient to support appellant's contention that it was in response to an issue assumed to have been made, even though the rule of pleading should be so extended as to permit such a course. Consequently the appellant was not in position to, and apparently did not, urge the point in the court below, and certainly may not do so here. (*Crabbe* v. *Mammoth Channel Gold Mining Co.*, 168 Cal. 500, 504, 505 [143 Pac. 714]; *Hughes* v. *Warman Steel Casting Co.*, 174 Cal. 556, 562 [163 Pac. 885].)

The judgment is affirmed.

Wilbur, J., Sloane, J., Richards, J., *pro tem.*, Shaw, C. J., Shurtleff, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.