[Civ. No. 11639. Second Appellate District, Division Two.—February 4, 1938.]

L. M. TOMS, Appellant, v. MERCANTILE ARCADE REALTY CORPORATION (a Corporation), Respondent.

Noel B. Martin and Richard L. Oliver for Appellant.

George L. Greer for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover damages for personal injuries plaintiff appeals.

The undisputed facts are:

April 6, 1935, shortly before 9 o'clock in the morning, plaintiff started to descend a stairway, which led from the

first floor of the Spring Arcade building to the basement. The stairway consisted of four steps leading downward to a landing and eight steps at right angles to the left of the landing, ending on the basement level. Plaintiff had entered the Spring Arcade building pursuant to directions from his employer that he see Mr. Rosing, who had offices in the basement of the Spring Arcade building, which building was owned by defendant Mercantile Arcade Realty Corporation, of which defendant C. J. Pearce was trustee.

At the time plaintiff started to descend, the four steps and the landing were illuminated by light from electroliers in the ceiling of the hallway. From the landing to the basement the stairway was dark, plaintiff being able to discern clearly only the first step and faintly the second step. He stepped onto the first step, and on taking a second step, placed his foot upon a piece of lumber, which caused him to fall to the bottom of the stairway, as a result of which he suffered serious personal injuries. Plaintiff on several occasions, the last of which was about six months prior to the date of the accident, had used this stairway.

█ This is the sole question presented for our determination:

*Was there substantial evidence to sustain the trial court's finding that plaintiff was contributorily negligent?*

This question must be answered in the affirmative. █ The law is settled in this jurisdiction that, where different conclusions may reasonably be drawn by different minds from the evidence, the trial court's finding of fact will not be disturbed on appeal. (*Meindersee* v. *Meyers,* 188 Cal. 498, 502 [205 Pac. 1078].)

The conclusion either that plaintiff's conduct in proceeding down the darkened stairway was or was not consonant with the acts of a reasonably prudent person may reasonably be drawn from the facts in the present case. Applying the rule of law above stated, the trial court's finding that plaintiff did not act as a reasonably prudent person in proceeding down the darkened stairway and was therefore contributorily negligent finds substantial support in the evidence and will not be disturbed by this court.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.