[Civ. No. 6971.   Third Dist.   Nov. 18, 1943.]

ELVA VOSBURGH, Appellant, v. EUGENE MEDA, Respondent.

Chas. L. Gilmore for Appellant.

Archibald D. McDougall for Respondent.

ADAMS, P. J.—Appellant sued respondent for damages for personal injuries alleged to have been sustained by her when she tripped and fell on the stairway of a building owned by defendant, the third story of which building was leased by appellant and occupied and used by her as a rooming house. Appellant contended that respondent had permitted the stairway, which was the only means of access to the upper floors of the building, to fall into disrepair and the metal nosings on the edges of the steps to become loose, and that her fall was due to her tripping over one of the loose metal strips at a point where said stairs made what she de-

scribed as a "pie shaped turn." Defendant denied the allegations of plaintiff's complaint charging him with negligence, and as an affirmative defense alleged that appellant's injuries, if any, were proximately contributed to by her own carelessness and negligence.

The case was tried by the court sitting without a jury and at the conclusion thereof the court found that while respondent had negligently maintained said stairway, appellant was, and had been for a long time prior to the accident, aware of the defective condition of said stairway, and that at the time she tripped and fell she was negligent in the manner in which she was descending said stairs and that such negligence on her part proximately contributed to cause her fall and her resulting injuries. Judgment was entered in favor of defendant. Appellant moved for a new trial which was denied.

On this appeal it is contended by appellant that the burden was upon defendant in the action to show that plaintiff was guilty of contributory negligence; that the finding of the trial court that she was guilty of such contributory negligence is not sustained by the evidence; and that, as there was no finding of any specific act by plaintiff upon which contributory negligence could be predicated, the court must have determined that she was guilty of such negligence as a matter of law, and that the evidence is insufficient to support such conclusion.

It is too well settled to require the citation of authorities that if findings of a trial court find substantial support in the evidence in a case, the judgment will not be disturbed on appeal. And where different conclusions may reasonably be drawn from the evidence by different minds, the trial court's findings of fact are conclusive. (*Meindersee* v. *Meyers*, 188 Cal. 498, 502 [205 P. 1078] ; *Raggio* v. *Mallory*, 10 Cal.2d 723, 725 [76 P.2d 660] ; *Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1, 13 [47 P.2d 462] ; *Toms* v. *Mercantile Arcade Realty Corp.*, 24 Cal.App.2d 700, 701 [76 P.2d 153].)

Looking then to the evidence, we find that appellant testified that she was aware of the defective condition of the stairway; that the metal nosings were "bad on the edges and easy to catch your feet on;" that she had called defendant's attention to them at different times prior to the accident; that she was familiar with the stairway in every respect; that she had watched the stairs closely and had even repaired them herself; that the nosings were loose in various places so they would catch people's feet; that other people were fall-

ing; and that there was a railing on the right side of the stairway. Describing the accident she stated she was going down "just the ordinary way of walking down the stairs," that as she made the turn something gave way under her feet and she pitched forward; that at the time she fell her arms were free except that she carried her purse in the crook of her arm; that her arms were by her side, or hanging down—that they were free except for her pocket book; that she was walking a little to the right of the stairway and looking to the right, and at the point where she fell the steps were narrowed at the right end; that she did not have hold of the hand rail, which was on the right side of the stairway. The defective condition of the stairway was testified to by plaintiff's son who said that "the steps all the way up and down from the first floor to the top were bad"; that he had caught his toe on one of them; that he had made complaint to defendant's agent about their condition; that some of the nosings were loose and curled up, and that this condition was perfectly observable as he went up and down the stairs.

█ From the foregoing it is apparent that plaintiff was fully aware of the dangerous condition of the stairway, and is within the frequently enunciated rule expressed in *Mautino* v. *Sutter Hospital Association,* 211 Cal. 556, 561 [296 P. 76], that "There is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant." Also see *Funari* v. *Gravem-Inglis Baking Co.,* 40 Cal.App.2d 25, 29 [104 P.2d 44]; *Griggs* v. *Cook,* 106 Cal.App. 551, 553 [289 P. 693]; *Nelson* v. *Myers,* 94 Cal. App. 66, 74 [270 P. 719]. The facts in the case of *Toms* v. *Mercantile Arcade Realty Corp., supra,* are comparable to those shown in the case before us. There plaintiff started to descend a stairway in defendant's building leading to the basement. A portion of the stairway was dark and plaintiff could discern the steps but dimly. Nevertheless he proceeded and in so doing placed his foot upon a piece of lumber which caused him to fall. The court said that the conclusion that plaintiff's conduct was or was not consonant with the acts of a reasonably prudent person might reasonably be drawn from the facts; but that the trial court's finding that plaintiff was negligent found support in the evidence and would not be disturbed on appeal.

█ Appellant cites cases dealing with the burden of proof as to contributory negligence; but the duty of this court is not to weigh the evidence but to determine whether there is

in the record before the trial court evidence sufficient to sustain its finding.

■ Appellant further complains of the findings contending that she was entitled to a specific finding of the acts which constituted contributory negligence on her part, citing *Huntington* v. *Vavra*, 36 Cal.App. 352 [172 P. 166], and other cases. But in those cases there were no findings whatever. Here the court found: "that plaintiff, at the time referred to in plaintiff's complaint and for a long time prior thereto, was aware and had knowledge of the said defective condition of said stairway and that the same was out of repair"; "the court further finds that at the time plaintiff so tripped and fell on said stairway she was not using ordinary or reasonable care for her own safety and that plaintiff was herself negligent in the manner in which she descended said stairway and that such negligence on plaintiff's own part proximately contributed to cause the fall sustained by her on said stairway and the injuries resulting to plaintiff therefrom." It also found that all of the allegations contained in the affirmative defense set forth in the answer of defendant to the effect that plaintiff was guilty of contributory negligence were true. The allegations of defendant's said affirmative defense were "that plaintiff was herself careless and negligent in and about the matters therein alleged and that such carelessness and negligence on plaintiff's own part proximately contributed to the happening of the accident and the injuries or damage complained of by plaintiff, if any there were." Such findings are sufficient.

■ It is the purpose of findings to answer the questions raised by the pleadings, and if the allegations of the affirmative defense of respondent herein were sufficient (and it is not contended that they were not) findings couched in the language employed in stating such defense are proper, and no duty was imposed upon the trial court to make findings as to evidentiary details. (*Kenfield* v. *Weir*, 16 Cal.App.2d 501, 503 [60 P.2d 885]; *Carlson* v. *Stanbitz*, 7 Cal.App.2d 455, 457 [45 P.2d 820]; *Williams* v. *McDowell*, 32 Cal.App.2d 49, 52 [89 P.2d 155].) Also a more detailed finding regarding appellant's contributory negligence would not have required a different judgment. (*Strauch* v. *Bieloh*, 16 Cal.App. 2d 278, 282 [60 P.2d 582].)

Finally appellant argues that the court found as matter of law that appellant was guilty of contributory negligence and that the evidence does not justify such a conclu-

sion.  But obviously the court's finding was one of fact; and since it finds substantial support in the evidence, the judgment is affirmed.

Thompson, J., and Peek, J., concurred.