[Civ. No. 654.   Fourth Appellate District.—November 14, 1932.]

KATE R. WHITHAM, Appellant, v. JOHN LₑROY WHIT-
HAM et al., Respondents.

David H. Cannon for Appellant.

Allard & Stead and Allen G. Mitchell for Respondents.

MORTON, J., *pro tem.*—Charles S. Whitham, Kate R. Whitham, his wife, and John LeRoy Whitham, his son by a former marriage, held in joint tenancy certain real property situated in San Bernardino County, California. Title to this property was registered in that county in accordance with the Torrens Land Title Law. After the death of Charles S. Whitham, the joint tenancy was terminated and the court decreed the title to be vested in the surviving tenants, Kate R. Whitham and John LeRoy Whitham in joint tenancy. In the present action Kate R. Whitham alleges that relying upon the false and fraudulent representations of John LeRoy Whitham to her that because of certain liens and clouds on the title to the property it was necessary that they execute and acknowledge a deed to the property to a third person who would then reconvey the property to them with a clear title, she executed and acknowledged a deed to the property in accordance with his request. It is stated this third person then deeded the property to John LeRoy Whitham and Sylvia Whitham, his wife. The prayer of her complaint that the deed be canceled and that John LeRoy Whitham and Sylvia Whitham, his wife, be adjudged to reconvey her former interest in said property to her was denied by the trial court. Plaintiff appeals under the alternative method from this judgment.

It appears from the evidence that prior to the recordation of the title to the real property involved in the office of the registrar of titles in San Bernardino County, the respondent, John LeRoy Whitham, had acquired title to this real property through money left him by his own mother and through transactions with his father. Further, that when the property was registered the action was entitled "Petition of John LeRoy Whitham" and it was alleged that John LeRoy Whitham had not been married, that petitioners Charles Sumner Whitham and Kate Ritchie Whitham were husband and wife and that John LeRoy Whitham and Charles S. Whitham were the owners in fee simple as their joint property with the right of survivorship and that the property was not subject to homestead. After the respondent's marriage and before his father's death, it appeared that the father told respondent that he

should have the title to the property placed in the name of respondent and his wife and cleared of the names of Charles S. Whitham and Kate Ritchie Whitham, but this was never done. Respondent testified he talked this matter over with appellant before she signed the deed now in question. It is not contended that appellant paid any part of the consideration for the property; her claim to an interest being based solely on her marriage to Charles S. Whitham.

The burden of proving by a preponderance of the evidence that respondent induced appellant to execute and acknowledge this deed through false and fraudulent representations made by him to her regarding the condition of the title of the property rested upon appellant. Because a suspicion might be aroused by reason of the relationship of the parties is not sufficient. The court in *Ryder* v. *Bamberger*, 172 Cal. 791, at 800 [158 Pac. 753, 756], discussed this question as follows: "For fraud must always be proved, so that when the plaintiff's case goes no further than to establish a state of facts from which the inference of fraud may or may not be reasonably drawn, he has failed to establish his charge by a preponderance of the evidence, and it becomes the duty of court or jury, as has been said, to find in favor of innocence and uprightness. This does not, of course, mean that the fraud must be proved by direct evidence. This is not always nor even often possible, but it does mean that the indirect evidence and the inference to be drawn from the proved facts must be so convincing as to satisfy trial court or trial jury that fraud was designed and accomplished. If, therefore, we should accept appellant's statement as above quoted, that the sole proposition is whether fraud can be inferred from the admitted facts, the complete answer is that, conceding that fraud might be inferred, the trial court upon substantial evidence has declined to infer it, and its action in so doing is not here open to question."

Appellant contends that it was error to admit evidence concerning the original purchase of the land by respondent and that the total consideration for it had been paid by him. It is stated that this evidence constituted a collateral attack on a judgment. In an action of fraud it is the law that the prior circumstances relating to the matter are admissible as well as those surrounding the

transaction in issue. Appellant testified in support of her contention of fraud that she received no consideration for the execution and delivery of the deed. Respondent was allowed to testify that the consideration was the same as he received at the time appellant and his father were made parties to the registered title. The respondent is not attacking the Torrens land title registration nor is he attacking the decree of the court terminating the joint tenancy of C. S. Whitham, deceased. In defending against appellant's action of fraud he simply was allowed to relate the prior relationship of the parties in the real property, and how it was acquired. (*Simon Newman Co.* v. *Lassing,* 141 Cal. 174, at 178 [74 Pac. 761].)

After an examination of all the evidence we feel the decision of the trial court should be affirmed. In addition, "it must be borne in mind that, in examining the sufficiency of the evidence to support a questioned finding, an appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. Every substantial conflict in the testimony is, under the rule which has always prevailed in this court, to be resolved in favor of the finding." (*Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140, at 142 [134 Pac. 1157, 1158].)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.