[Civ. No. 8805.   First Appellate District, Division Two.—October 6, 1933.]

GOLDEN GATE MOTOR TRANSPORT COMPANY (a Corporation), Respondent, v. OSCAR H. KLATT, Appellant.

Donahue, Hynes & Hamlin for Appellant.

McCutchen, Olney, Mannon & Greene for Respondent.

STURTEVANT, J.—From a judgment against him the defendant has appealed. The action was brought to recover balances due on six promissory notes. Each document was an accommodation promissory note executed for the benefit of Sonoma Properties Company, a corporation, which became financially involved. The notes were given to American National Company and by certain transfers at the time the action was commenced they were held by the plaintiff. To the plaintiff's complaint the defendant interposed an answer in which he set forth certain denials and certain affirmative defenses. Among the latter he pleaded a defense charging fraud; another alleged that the plaintiff was the corporate double of A. O. Stewart, one of the joint makers; and in another defense the defendant alleged that the notes had been paid. On the trial all defenses were pressed, but the trial court found against the defendant and in favor of the plaintiff. On his appeal the defendant stands on the defense of payment. He makes two points. He asserts that an assignment of a note to a comaker or co-indorser, who has paid the amount due thereon, extinguishes the note. He also asserts that the only legitimate inference from the testimony is that Stewart paid the notes and passed part of the money through the hands of the plaintiff to disguise the payment into an ostensible purchase. Neither point can be sustained. There is not a particle of evidence that the notes were ever assigned to A. O. Stewart, a comaker or co-indorser. Nor is there any direct evidence that A. O. Stewart paid the notes or any one of them. We do not understand the defendant to contend to the contrary. But it is his claim that from the undisputed facts it must be inferred that in legal effect this plaintiff was in all things the agent of Mr. Stewart and therefore the acts of this plaintiff were the acts of Mr. Stewart. But the defendant is mistaken in this contention. It was the contention of the plaintiff that Mr. Stewart paid nearly one-half of what was due on the notes—more than his share—and that he then requested the plaintiff on its own account to buy the notes and sue the defendant and that plaintiff did so. In support of its theory the plaintiff, out of its possession, produced the notes and supported each and every element of its theory by the sworn testimony of each and

512

every actor to the transaction. As the trial court found for the plaintiff and against the defendant on the issue of payment, such finding may not be disturbed by a court of review. Moreover, it was for the trier of the facts to draw the inferences. If, for the purpose of this decision, it be conceded the trier of the facts could have drawn either inference, its decision is binding on appeal. (10 Cal. Jur. 741.)

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 4, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1933.

Langdon, J., dissented.