[Civ. No. 15361.   Second Dist., Div. Two.   Oct. 2, 1946.]

MURRAY M. SEIDENBERG, Appellant, v. NICK GEORGE, Respondent.

Joe Wapner for Appellant.

Clyde C. Shoemaker for Respondent.

WILSON, J.—This is an action for damages for asserted wrongful discharge from employment. Appellant alleged in his complaint that he had been employed by respondent as the latter's general manager at an agreed salary for one year, payable in weekly installments, together with a bonus based on the gross amount of defendant's business for the year, or $3,000, whichever sum should be greater. He was discharged after he had been employed for about five months. He alleges that he has been damaged in a sum equal to the difference between the amount he had received while employed and the total salary to which he claims to have been entitled for the year, plus the bonus which would have accrued if he had not been wrongfully discharged. Respondent denied all of the allegations of the complaint and the court found that they were not true, except that appellant had been paid the amount which he admitted having received for the services rendered by him. It was further found that said sum was not paid by reason of the oral contract alleged in the complaint; that appellant was never employed under such contract, but that he was employed from week to week for no specified period of time, provided that his services were satisfactory to respondent; that he was not employed to act as general manager but to assist in respondent's business with such matters as came within the regulations of the Office of Price Administration; that his discharge was for the reason that respondent was dissatisfied in good faith with his services. Judgment was rendered in favor of respondent, from which appellant appeals.

1. *Sufficiency of the evidence to sustain the findings.* The principal ground for reversal presented by appellant is that the findings of fact are not supported by substantial evidence, and that the evidence is insufficient to sustain any findings except those that accord with the allegations of the complaint.

It is not within our province to weigh the evidence of one

witness as against that of another, or to analyze the evidence in view of the so-called "psychological factors" upon which appellant bases his argument. ■ The evidence throughout the record is conflicting. Appellant's testimony comported with the allegations in his complaint. Respondent testified that the employment was not for any specified period of time nor for a salary to be paid upon an annual basis; that appellant was employed at a weekly salary, not as general manager but to look after matters involved in Office of Price Administration regulations; that the understanding was that if his work was satisfactory his compensation would be increased, and if he remained in respondent's employment for a year he would be paid a small bonus; that appellant antagonized both the customers and his fellow employees to such an extent that his discharge was necessary in order to prevent the ruination of respondent's business; that he examined respondent's records, including index files of customers, in order that he might go into business for himself and use the records to the injury of respondent, and that one index file was missing from the office a week before appellant's discharge. The evidence concerning appellant's attitude toward customers and employees was corroborated by several of respondent's employees and by at least one customer. The employees corroborated respondent as to the duties which appellant was engaged to perform.

We find nothing inherently improbable in the evidence of respondent and his witnesses. The sole question is whether the evidence is sufficient to sustain the findings. If it is substantial it is sufficient though contradicted. ■ Appellant asks us to perform the function of the trial court, to evaluate conflicting evidence, and to determine the credibility of witnesses, and he insists that we accept his evidence as the truth regardless of its contradiction by others. In so doing we would disregard the familiar and oft repeated rules that in the event of a conflict in the evidence the trial court's determination of the facts is conclusive, and that all substantial conflicts must be resolved in favor of the findings. (*Buckhantz* v. *R. G. Hamilton & Co.,* 71 Cal.App.2d 777, 779 [163 P.2d 756]; and cases cited; *Berger* v. *Steiner,* 72 Cal.App.2d 208 [164 P.2d 559]; *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

2. *Alleged errors in the admission and rejection of evidence*

*and alleged irregularities in the proceedings.* ▉ Answers of witnesses were stricken out on the ground that they were not responsive, or were conclusions of the respective witnesses, or argumentative. We find no error in the court's rulings. None of the alleged errors related to evidence of a material nature, and the result of the trial would not have been different if the rulings complained of had not been made.

▉ There is no merit in appellant's claim that remarks of the court made during the introduction of evidence precluded him from having a fair trial. Such remarks as "we are wasting a lot of time," were made by the court in an effort to hasten the trial and an examination of the record demonstrates that they were justified.

3. *Appellant's claim for compensation for the last week of his employment.* ▉ Appellant asserts that even though the court may have been correct in its finding as to whether he was employed for one year or at will, nevertheless he is entitled to compensation for his last week's services. When he was discharged respondent gave him a check in payment for the final week and an additional check for an amount which was intended as a donation. Appellant refused to accept the checks because of the endorsements thereon that they were in full payment of his services. In his complaint he does not plead an amount due and unpaid under the contract for services rendered but seeks to recover damages for his alleged unjustified discharge. A complaint for damages for breach of contract will not sustain a judgment for an amount claimed to be due under the contract but not pleaded.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1946.