[Civ. No. 16138.   Second Dist., Div. One.   Apr. 15, 1948.]

DELIA TAYLOR, Appellant, v. MYRTIE M. HUMBIRD et al., Respondents.

Louis J. Euler for Appellant.

Brown, Berry & Rognes and L. D. Uhlman for Respondents.

DORAN, Acting P.J.—This is an action seeking rescission, for alleged fraud, of a compromise agreement dated October 17, 1944, pursuant to which Myrtie M. Humbird and Carl L. Taylor conveyed to the heirs or devisees of Rex P. Taylor, deceased, certain real and personal property. Also, pursuant to said agreement, the appellant Delia Taylor, widow and sole heir at law of Rex P. Taylor, assigned to Myrtie M. Humbird and Carl L. Taylor a one-half interest in the distributable assets of the said Rex P. Taylor.

Appellant's brief avers that "the consent of Delia Taylor to the division of the estate of Rex P. Taylor was based upon the understanding that all of the properties that stood in the name of Rex P. Taylor, doing business as Carl L. Taylor and Myrtie M. Humbird, was to be included in the settlement agreement," and that on October 1, 1945, "Delia Taylor first obtained personal knowledge that Myrtie M. Humbird, also known as Maxine M. Taylor, had through the joint action of Rex P. Taylor and Myrtie M. Humbird acquired the property (known as the McKee Avenue property,) first in the name of Rex P. Taylor and Maxine M. Taylor, his wife. The deed was dated June 1, 1944, and four days thereafter Rex P. Taylor conveyed said property to Maxine M. Taylor" (respondent Myrtie M. Humbird), named in the deed as the "wife of the grantor." Actually there appears to have been no marriage between the named parties although there is evidence that respondent Humbird, and the said Rex P. Taylor lived together in that relation. Rex P. Taylor was, in fact, then legally married to the appellant, Delia Taylor.

"It is the contention of Delia Taylor," according to appellant's brief, "that Rex P. Taylor intentionally concealed . . . any references whatsoever to said real estate (conveyed to Maxine M. Taylor) for the purpose of cheating and defrauding the plaintiff of her rights in and to the community property." It is further claimed that "Rex P. Taylor opened a safety deposit box in which he deposited . . . $11,530.13," the box being "taken in the name of Carl L. Taylor, the name under which Rex P. Taylor did business." On October 11,

1945, approximately one year after the making of the compromise agreement hereinbefore mentioned, appellant Delia Taylor caused to be served upon defendants a notice of rescission based upon fraud and concealment, and thereafter the present action was filed. The answer denied the allegations of fraud, and a cross-complaint by the administratrix of the Rex P. Taylor Estate sought to quiet title to the various items of property.

After a trial of the issues without a jury, judgment was rendered in favor of respondents, the trial court having found "that there was no concealment of any kind"; and that the assignment made by appellant in conformity with the compromise agreement hereinbefore mentioned, was made "with full knowledge of the facts and without reliance upon any false representations." The court further found that in 1939, Rex P. Taylor, then estranged from appellant wife, came to California with a brother, Carl L. Taylor, who had $4,500, Rex P. Taylor then possessing no property; that Carl L. Taylor purchased a restaurant business which was thereafter operated by the Taylor brothers and respondent Myrtie M. Humbird as a partnership or joint adventure. It was further found that the real estate known as the "McKee Avenue property" was purchased in the names of Rex P. Taylor and Maxine M. Taylor (Myrtie M. Humbird) with money derived from Myrtie M. Humbird's father, which property was later quitclaimed to the respondent Humbird under the name of Maxine M. Taylor.

It is the appellant's contention that the judgment in question is erroneously "based upon findings of fact that are not supported by the evidence and in numerous instances contrary to the evidence." Appellant's brief then cites certain items of evidence claimed to be contrary to the court's findings, which it is insisted, justify a judgment other than the one rendered. In other instances, as pointed out in the respondents' brief, "appellant seeks to have this court disregard as of no consequence evidence believed by the trial court and made the basis of its findings." In this respect, all that appellant's brief presents is that the record contains certain conflicting evidence. That the record discloses substantial evidence in support of the trial court's findings, cannot be disputed. In such a situation, the rule is elementary that it is the function of the trial court rather than that of an appellate court, to determine the weight and credibility of the evidence.

The rule, as stated in *Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140, 142 [134 P. 1157], quoted in *Witham* v. *Witham,* 127 Cal.App. 481, 484 [15 P.2d 1105] and many times reiterated, is that "in examining the sufficiency of the evidence to support a questioned finding, the appellate court must accept as true all evidence tending to establish the correctness of the finding as made, taking into account, as well, all inferences which might reasonably have been thought by the trial court to lead to the same conclusion. Every substantial conflict in the testimony is, under the rule which has always prevailed in this court, to be resolved in favor of the finding." Appellant's insistence that the testimony of Myrtie M. Humbird is "fantastic and incredible," and should not have been believed by the trial court, is likewise answered by the same rule, for the credibility of witnesses is a matter for the trial court to determine.

It is further claimed that "The Court erred in holding that plaintiff was bound by the information of her attorney, David E. Field, regarding the McKee Avenue property which was not disclosed to her" when the compromise agreement was signed. In this connection appellant's brief quotes from *Victor Oil Co.* v. *Drum,* 184 Cal. 226, 241 [193 P. 243], that "The courts will not lightly seize upon some small circumstance to deny relief to a party plainly shown to have been actually defrauded . . . on the ground, forsooth, that he did not discover the fact he had been cheated as soon as he might have done. It is only where the party defrauded should plainly have discovered the fraud except for his own inexcusable inattention that he will be charged with a discovery in advance of actual knowledge on his part." But, as was also said in the Victor Oil Company opinion, "The present case is not of that character." Relief has not been denied "to a party plainly shown to have been defrauded"; on the contrary, the record herein discloses substantial evidence that no fraud has been committed. Both parties to the compromise agreement were represented by able counsel; the various assets including the McKee Avenue property, appear to have been considered and the agreement advisedly entered into. In such a situation the appellant's argument is without merit. The other contentions presented by appellant are likewise untenable.

The judgment is affirmed.

White, J., and Bartlett, J. pro tem., concurred.