[No. 15024.    Department One.—August 18, 1893.]
GEORGE F. PEARCE, RESPONDENT, v. L. H. BOGGS.
APPELLANT.

NEW TRIAL—DRAFT OF STATEMENT—LACK OF SIGNATURE—ACKNOWLEDGMENT OF
SERVICE—WAIVER OF OBJECTION.—An objection by the attorneys for the
plaintiff to the settlement of the defendant's statement on motion for a new
trial, on the ground that the proposed statement had not been signed by the de-
fendant or his attorneys, is without merit, where it is shown on behalf of the
defendant that the document had been delivered by the attorneys for the de-
fendant to the plaintiff's attorney, who acknowledged receipt thereon from the
defendant's attorneys of the "original draft of statement on motion for new
trial," and failed to object for want of a signature until after the time had
elapsed for service of the draft of the statement.

SALES—DELIVERY—ATTACHMENT—REPLEVIN—INSTRUCTION—"WRONGFUL" PRE-
VENTION OF POSSESSION—QUESTION OF LAW.—In an action of claim and de-
livery, where it appeared that the plaintiff purchased two mares from the owner
thereof, but the custodian of the mares refused to give them up on the ground
that an employee of the owner, who placed them in his care with the owner's
consent, told him not to deliver them to any one except on his order, and sub-
sequently such employee removed them to his own place where he attached
them in a suit against their owner, and they were sold to the defendant under
execution, an instruction to the jury that if they believed from the evidence
that if the plaintiff bought the mares in good faith from their owner, and was
prevented from getting possession thereof by the wrongful act of the attaching
creditor, they should find for the plaintiff, is erroneous in leaving to the jury
the determination of the question of law as to whether any act of the attaching
creditor by which the plaintiff had been prevented from getting possession of
the mares was "wrongful."

ID.—CHANGE OF POSSESSION—RIGHT OF POSSESSION—IMPROPER INSTRUCTION.—
In such case an instruction to the jury that "what constitutes a delivery of
personal property by the vendor to the vendee depends upon the character of
the property sold and the circumstances of such particular case, and for the
purpose of a delivery it is not necessary that the property should pass into the
actual possession of the vendee; therefore, when it is so situated that the vendee
is entitled to and can rightfully take possession thereof at his pleasure, he is
considered as having actually received it as the statute requires," is, as to the
latter clause thereof, in direct conflict with section 3440 of the Civil Code.

ID.—FAILURE TO TAKE POSSESSION—SALE VOID AS TO CREDITOR.—If the prop-
erty is so situated that the purchaser can take possession of it at pleasure, his
failure to do so renders the previous transfer void as to the creditors of the
vendor.

CONSTRUCTION OF DECISIONS—INSTRUCTIONS.—The opinion of the court in a given
case is to be read in connection with the facts of that case, and the language of
the court therein, where it is seeking to apply principles of law to the facts of
the case, is not always proper to give to a jury in another case where the same
principles are inapplicable or the facts are different.

APPEAL from a judgment of the Superior Court of Lake
County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Hudson & Sayre,* for Appellant.

*Woods Crawford,* and *Ira C. Jenks,* for Respondent.

HARRISON, J. — Action of claim and delivery. The plaintiff purchased two mares from L. G. Simmons, at Lakeport, on the 1st of April, 1891, and took from him a bill of sale and an order upon one Reynolds for their delivery. The mares were at that time at pasture on a ranch belonging to Reynolds, about thirty miles from Lakeport, where they had been placed about a month previously by one Christie. Christie had been working the mares during the winter for their feed under an agreement with Simmons, and at the close of the working season placed them on this ranch with the consent of Simmons, and told the keeper of the ranch not to let any one have them except upon his order. The plaintiff made no attempt to take possession of the mares until the 12th of April, when he went to the ranch and presented Simmons' order for them, but Reynolds refused to give them up by reason of the order that Christie had given when the mares were left there. On the 13th of April Christie sent for the mares and had them removed to his own place, about five miles from Lakeport, where on the same day they were taken by the defendant, as sheriff of Lake County, under a writ of attachment issued in a suit by Christie against Simmons. Christie had no knowledge that the plaintiff had purchased the mares, or had made any demand for them. Judgment was rendered against Simmons in favor of Christie on October 26th, and on the 11th of November an execution was issued thereon, under which the defendant held the mares. The present action was begun November 7, 1891. Judgment was rendered for the plaintiff for their recovery, from which and an order denying a new trial the defendant has appealed.

When the defendant's statement on motion for a new trial was presented to the judge for settlement, the plaintiff objected thereto upon the ground that the proposed statement had not been signed by the defendant, or by his attorneys, or any one on his behalf, and could not therefore be considered by the court as a document in the case. It was shown on behalf of the defendant that the document had been delivered by the

attorneys for the defendant to the plaintiff's attorney, who then gave the following receipt: —

"Received from Hudson & Sayre original draft of statement on motion for new trial in the case of *Pearce* v. *Boggs.*

"WOODS CRAWFORD,

"Attorney for Plaintiff.

"Lakeport, Cal., Jan. 5, 1892."

Upon this showing the court found that the service was sufficient, and accordingly settled the statement. We think that this action of the court was correct. It is evident from the receipt which the plaintiff's attorney gave at the time the document was delivered to him that he was in some way informed that it was the original draft of a statement on motion for a new trial in this case, and it is immaterial whether such information was given orally or by formal notice. He knew that the attorneys from whom he received the document were the attorneys of the defendant, and his written admission of its character shows that he was not misled in reference thereto; and if it was his intention to object to the absence of a signature thereto by the defendant's attorneys, good faith on his part, as well as the dignity of conduct which should characterize all professional intercourse between members of the bar, required him to state his objection at that time, rather than to receive it and withhold his objection until after the expiration of the time within which a statement could be prepared.

The court gave to the jury the following instruction at the request of the plaintiff: —

"The court instructs you that if you believe from the evidence the plaintiff bought the property described in the complaint in good faith from the vendor Simmons, and paid a valuable consideration therefor, and that plaintiff Pearce was prevented from getting the possession thereof by the wrongful act of G. W. Christie, the attaching creditor herein, then you will find for the plaintiff."

This instruction was erroneous by reason of the clause which left to the jury to determine whether any act of Christie by which the plaintiff had been prevented from getting possession of the mares was " wrongful." Whether any act of his was wrongful was a matter of law depending upon the facts pre-

sented in the case, and if it was claimed that such facts had been shown to the jury the court should have instructed them thereon as a matter of law, and directed them to find their verdict according as they should find the facts constituting the wrongful act. Its ruling would then be subject to exception and review, whereas by leaving to the jury to determine whether any act of Christie was wrongful the court not only left to it the determination of a question of law, but also deprived the defendant of the means of knowing what act the jury might determine to be wrongful, and thus of availing himself of any exception to their verdict. The same error was also committed by the court by adding a similar clause in modification of an instruction substantially in the words of section 3440 of the Civil Code, requested by the defendant.

The court also gave to the jury the following instruction at the request of the plaintiff: —

" I instruct you that what constitutes a delivery of personal property by the vendor to the vendee depends upon the character of the property sold and the circumstances of each particular case, and for the purpose of a delivery it is not necessary that the property should pass into the actual possession of the vendee; therefore, when it is so situated that the vendee is entitled to and can rightfully take possession thereof at his pleasure, he is considered as having actually received it as the statute requires."

The latter clause of this instruction is in direct conflict with section 3440 of the Civil Code. If the property is so situated that the vendee can take possession thereof at his pleasure, his failure to take such possession constitutes the very fraud which the statute is intended to prevent, and renders the previous transfer to him void as against the creditors of his vendor. The respondent urges in support of the instruction that its very language is used in the opinion of this court in *Williams* v. *Lerch*, 56 Cal. 330. It by no means follows, however, that the language which a court may use in its opinion, where it is seeking to apply principles of law to the facts of a given case, would be proper to give to a jury in another case where the same principles are inapplicable or the facts are different. There is no rule better settled than that the opinion of a court

is always to be read in connection with the facts of the case in which it is given, and it may often occur that in its opinion it will use expressions either by way of argument or illustration, which are correct in their application to the case before it, but would be inapplicable in many other cases. For this reason it is not always proper to give to a jury an instruction upon a principle of law couched in language taken from an opinion in the reports. Jurors are apt to be misled by instructions upon mere abstract principles of law. They deal only with facts, and instructions to them should be directed to those facts, and should be rather in the concrete than in the abstract. Abstract principles of law which point an opinion or an exceptional rule may be very misleading to a jury. This proposition is well illustrated in the very case of *Williams* v. *Lerch,* 56 Cal. 330, cited by respondent. Immediately following that part of the opinion which was taken for the instruction to the jury in the present case, is found the following sentence: "Accordingly it has been held if the vendor of goods in the care and keeping of a third person directs him to deliver them to the vendee, *and the party holding the goods on notice and application of the vendee assents to retain the goods for him,* it is a delivery sufficient to transfer the title and to satisfy the statute"; thus pointing out by way of illustration the facts to which the principle stated by the court was applicable. (See also *Etchepare* v. *Aguirre,* 91 Cal. 295; 25 Am. St. Rep. 180.)

There was nothing in the present case which justified this instruction as a principle of law applicable to the facts presented to the jury. The mares at the time of their sale to the plaintiff were under the control of Simmons and capable of immediate delivery by him. Although they had been placed on the ranch by Christie, yet he was acting therein as the agent of Simmons, and his directions not to give them up to any but himself did not take their control from Simmons. Christie never claimed any interest in the mares until after the attachment, and it was testified at the trial that if the plaintiff had at any time before that day presented the order for them from Simmons, they would have been delivered to him.

The judgment and order denying a new trial are reversed.

GAROUTTE, J., concurred.

PATERSON, J., concurring.—I concur. The plaintiff did not attempt to take possession immediately after he purchased the property, nor did he offer any excuse for his failure to do so. The only fact shown excusing an immediate delivery is the fact that the mares were thirty miles distant from the place of sale; but this did not excuse a delay of eleven days. Plaintiff claims that an earlier demand "would have been as futile as it was on the 12th of April," because Christie had directed that no one should be given possession except upon an order from himself; but this is mere surmise. It was his duty to use diligence. If he had made demand promptly and had been refused possession, he could have procured an order from Christie. The latter testified that if plaintiff had presented to him an order prior to April 13th, he would have delivered possession of the mares; but whether a demand upon Christie would have been effective or not, if plaintiff had acted promptly either by demand or suit for possession, he might have been excused for his failure to comply with the letter of the statute requiring an immediate delivery and an actual and continued change of possession.