[Civ. No. 8498.   Third Dist.   Mar. 16, 1955.]

RUTHELLA SCHANCE, Respondent, v. H. O. ADAMS TILE COMPANY (a Partnership) et al., Appellants.

Russell A. Harris and Donald McGregor for Appellants.

C. Ray Robinson, Ronald C. Cameron and Linn Kelley for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment entered upon the jury's verdict in an action to recover damages for personal injuries suffered by respondent when she fell while walking along a strip of tar paper which appellants had placed upon the floors in her home in order to protect the floors while they were doing work for which they had been hired.

There is no dispute as to the following facts: The appellants Leslie were the employees of H. O. Adams Tile Company which was a partnership composed of H. O. Adams and Edward W. Lucio. The Leslies were engaged as such employees in replacing tile in a shower in appellant's home. They had placed strips of tar paper on the floors extending from the service porch to the bathroom where they were working at the time of plaintiff's accident. The strips of paper had been in use for some time. Earlier in the day than the time at which she fell and sustained her injuries the respondent had slipped while walking on the paper and there was comment between her and one of the Leslies that the paper was slippery. Respondent made no request that the appellants use different paper or other floor protection, but went about her household duties without, as she testified, giving any particular thought to the condition of the floors or the tar paper which appellants permitted to remain and continued to use. During the afternoon, appellants, having completed their work in the bathroom, called respondent to inspect it. Having done so, she proceeded to return to her kitchen where she had been working. She walked along the

strip of paper and at a point where she started to turn in the direction of the sink she suddenly fell to the floor and received the injuries for which she recovered damages in this action. Appellants contend that there is no evidence to justify either the verdict or the giving of two instructions requested by respondent.

■ There was evidence that in using the paper the Leslies were complying with custom governing the trade and appellants argue that this being so they could not be negligent in so doing. However, adherence to the practice of a trade does not necessarily absolve from a charge of negligence. ■ Adherence to custom, when proven, may be considered as a factor in the determination of negligence and is admissible for that purpose. But proof of such adherence, though undisputed, does not as a matter of law void the charge of negligence. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 655 [122 P.2d 576]; *Polk* v. *Los Angeles*, 26 Cal.2d 519, 529 [159 P.2d 931].) Samples of the tar paper used by appellants were introduced in evidence and inspected by the jury. ■ As stated, there was evidence that the Leslies knew the paper was slippery and that, having discovered it by slipping thereon, appellant Kenneth Leslie thereafter walked carefully because of that slippery condition. He also said he warned respondent. The evidence substantially supports the finding of the jury that appellants were negligent in using that paper upon that floor.

■ Appellants next contend that respondent was guilty of contributory negligence as a matter of law because she had knowledge, and recent knowledge, that the paper was slippery, and that she must, therefore, be held guilty of such contributory negligence in that she walked on the paper without proper precaution. It cannot be said as a matter of law that respondent was contributorily negligent. She testified that, although she had slipped slightly in the morning and therefore knew that the paper was slippery, yet that fact did not, as she put it, "make too big an impression" on her; that when, during the following afternoon, she walked on the paper, she did so forgetting its slippery condition, and with her mind occupied with her household tasks. She said that when she was called into the bathroom to inspect the tile she was thinking about that, and as she returned she did not recollect her previous slipping or have the slippery condition of the paper in mind. Appellants press upon our attention certain language in the opinion in *Markwell* v.

*Swift & Co.*, 126 Cal.App.2d 245 [272 P.2d 47], wherein the court said:

". . . [T]o excuse one's failure to avoid a known peril because of momentary forgetfulness, such forgetfulness must be induced by some sudden and adequate disturbing cause. A lapse of memory in the presence of known danger, in order to relieve a plaintiff from contributory negligence, must be occasioned by a reasonable cause and not from mere inattention. In other words, it must be induced by some sudden and adequate disturbing cause, and where, as here, there was a transitory or short-lived period of oblivion to a known danger, not induced by some sudden and inadvertent disturbing cause, such oblivion and forgetfulness is negligence as a matter of law (*Henry J. Kaiser Co.* v. *Industrial Acc. Com.*, 81 Cal.App.2d 818, 827, 828 [185 P.2d 353]; 38 Am.Jur., § 187, p. 863)."

We think it cannot be said, by way of a general rule, that a lapse of memory to excuse forgetfulness of a known danger must be induced by some sudden, disturbing cause, if by that is meant some startling event which momentarily drives memory from the mind and causes forgetfulness. Generally, it is held that the question with which we are here concerned is one to be resolved by the jury as a matter of fact. As said in *Andre* v. *Allynn*, 84 Cal.App.2d 347, 354 [190 P.2d 949], where a student slipped and fell when stepping upon a slippery place on a ramp, which he knew to exist:

"Whether plaintiff's failure here to be aware of the danger was due to forgetfulness, or abstraction in thinking about his desire to be accepted in the choir, is immaterial as the rule is the same in both instances. 'Even forgetfulness of a known danger will not always operate to prevent a recovery, for to forget is not negligence unless it shows a want of ordinary care. [Citing cases.] And it has been repeatedly held that mere abstraction on the part of the injured person does not constitute contributory negligence as a matter of law. [Citing case.] The question of contributory negligence was, therefore, properly submitted to the jury.' (*McStay* v. *Citizens Nat. T. & S. Bank*, 5 Cal.App.2d 595, 600 [43 P.2d 560].)

" 'Even though appellant's testimony was susceptible of the one construction that prior to the accident she did observe the unevenness of said platform, which it is claimed constituted the element of danger, there would still be the question for the determination of the jury as to whether or not

it was a want of ordinary care on the part of appellant not to have kept in mind such element of danger while arising from the stool and leaving the platform. (*Hayward* v. *Downer*, 65 Cal.App. 450 [225 P. 265]; *Meindersee* v. *Meyers*, 188 Cal. 498 [205 P. 1078].)' ''

In *Meindersee* v. *Meyers*, 188 Cal. 498 [205 P. 1078], it was held that notwithstanding knowledge and means of knowledge, it was for the jury to determine whether it was a want of ordinary care for the injured not to have the source of danger in mind.

In this case, though plaintiff had slipped slightly on the paper in the morning and knew that Kenneth Leslie had also slipped, nevertheless these workmen left the paper there and continued using it through the day as they passed to and from their work of setting tile. It was for the jury to say whether it was reasonable to conclude from all the circumstances that the momentary forgetfulness of the danger was negligence or, on the contrary, such conduct as might have been pursued by a person of ordinary care. ██ In this we are fortified by these further considerations:

''. . . Knowledge that danger exists is not knowledge of the amount of danger necessary to charge a person with negligence in assuming the risk caused by such danger. The doing of an act with appreciation of the *amount* of danger in addition to mere appreciation of the *danger* is necessary in order to say as a matter of law that a person is negligent.'' (*Ridge* v. *Boulder Creek Sch. Dist.*, 60 Cal.App.2d 453, 460 [140 P.2d 990].)

Respondent slipped slightly on the paper in the morning. Kenneth Leslie also slipped; and that the paper was slippery was the subject of comment between them. But it was for the jury to say whether or not these happenings acquainted respondent sufficiently with the extent or amount of danger in walking upon the paper so that any walking on the paper at all was negligence on her part. We hold that the evidence supports the implied finding of the jury that the respondent was not guilty of contributory negligence.

██ Appellants complain of an instruction given at the request of respondent and reading as follows:

''If a defendant's conduct is such that a reasonable man would recognize that it involved a risk of harm to another person, the risk is unreasonable and the conduct is negligent if the risk is of such magnitude as to outweigh what the law regards as the usefulness of the conduct or the particular

manner in which it is done. In measuring the usefulness of the conduct as against the magnitude of the risk involved in it, the extent of the chance that defendant's interest can be adequately advanced or protected by another course of conduct must be considered."

Substantially this instruction was taken from 2 Restatement, Torts, sections 290, 291. The rules laid down therein were referred to with approval in *Crane* v. *Smith,* 23 Cal.2d 288, 298 [144 P.2d 356]. In this case there was testimony by appellants to the effect that it was customary to protect floors by the use of strips of paper; that there were various materials which could be so used; that there were differences in the slipperiness of such materials and that this particular material was available for the tile setting job and hence was used. This state of the evidence rendered the instruction appropriate and there was no error in giving it.

■ Appellants complain of another instruction given at the request of respondent and reading as follows:

"It is a matter of common knowledge that people walk about their homes with such a sense of familiarity as to justify some relaxation from the care reasonably required when walking in strange places. In determining whether or not the plaintiff, Ruthella Schance, was guilty of contributory negligence at the time of this accident, the fact that she was walking in her own home is one of the circumstances to be considered, together with all the other circumstances surrounding the accident."

This instruction was taken almost word for word from the opinion in *Negra* v. *L. Lion & Sons Co.,* 102 Cal.App.2d 453, 460 [227 P.2d 916], and the situation created by its giving makes applicable the warning so often contained in court opinions, such as that stated in *Pearce* v. *Boggs,* 99 Cal. 340, 343-344 [33 P. 906], as follows:

". . . It by no means follows, however, that the language which a court may use in its opinion, where it is seeking to apply principles of law to the facts of a given case, would be proper to give to a jury in another case where the same principles are inapplicable or the facts are different. There is no rule better settled than that the opinion of a court is always to be read in connection with the facts of the case in which it is given, and it may often occur that in its opinion it will use expressions either by way of argument or illustration, which are correct in their application to the case before it, but would be inapplicable in many other cases.

For this reason it is not always proper to give to a jury an instruction upon a principle of law couched in language taken from an opinion in the reports.''

Considered as a draft of an appropriate instruction to a jury in the general run of negligence cases, such, for instance, as those in BAJI, the instruction here given can be criticized. While in the main correct, nevertheless one engaged in drafting an instruction for general use would not state that just because a person is walking about his home he is justified in relaxing from the care required when walking in strange places. Such an absolute statement as justification for relaxation would hardly be made if one were drafting an instruction for general use, for in each particular case, whether the familiarity of the surroundings justified any relaxation of care whatever, would be a matter for the jury itself to determine in that particular case. However, the instruction as given in this case is mainly correct and, insofar as improper, innocuous, for the jury were told that in determining whether respondent was in fact guilty of contributory negligence they could consider as one of the circumstances the fact that she was walking in her own home.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied April 14, 1955, and appellants' petition for a hearing by the Supreme Court was denied May 11, 1955.