John **FURUKAWA**, Appellant,

v.

**YOSHIO OGAWA**, Appellee.

No. 14970.

United States Court of Appeals
Ninth Circuit.

Aug. 23, 1956.

Henry E. Kappler, John Y. Maeno, Los Angeles, Cal., for appellant.

Arthur N. Greenberg, Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, BONE, Circuit Judge, and TOLIN, District Judge.

DENMAN, Chief Judge.

This is an appeal from a judgment of the district court, sitting without a jury in a diversity suit,[1] awarding appellee $3,324.00 for injuries to appellee. The court held appellant liable for knowingly maintaining in California a dangerous working condition unknown to appellee, causing the latter to be injured while working there under an agreement with appellant. Appellant contends (a) that he was not negligent and (b) that, if negligent, appellee was contributorily negligent.

The facts found by the district court are that appellant operated a dump yard. Appellee, plaintiff below, a gardener, paid a monthly fee for the privilege of depositing refuse therein. In the dump yard there was a pit in which appellant's truck had been driven, and surrounding the pit was a concrete retaining wall which extended about one foot above the adjacent ground. The top of the sides of the truck in the pit extended about two feet above the pit's retaining wall, and the distance between the wall and the truck was roughly eighteen inches. The court further found that when appellee was injured, appellant negligently maintained the top of the retaining wall with a covering of "dirt, grass, leaves, trash, refuse and debris." Prior to this time the truck had been involved in an accident with the result that a jagged piece of metal, between two and three inches wide and between four and five inches long had been torn from the side of the truck so that it pointed upward in the shape of a hook.

On the day of the accident appellee mounted the wall, as was his practice, to deposit a gunny sack of grass in the truck. He knew of the debris on which he had to stand. As appellee pulled back on the sack in order to empty it into the truck, he slipped on the debris and fell from the wall into the space between it and appellant's truck. As he fell the upward protruding

**I.** Appellee is a citizen of Japan and appellant is a citizen of the United States and a resident of California.

hook in the side of the truck severely injured appellee's right leg. The court found that appellant had knowledge of the existence of this hook and that appellee did not,[2] and that an employee of appellant had observed other persons slip from the wall as they were dumping refuse into the truck. These findings are amply supported in the record and are not "clearly erroneous" under Fed. Rules Civ.Proc. rule 52(a), U.S.C. Title 28.

Appellant's only contention warranting serious consideration is, whether, under the California law, these findings support the judgment. That is whether the appellant, defendant below, maintained his burden of proof[3] that the appellee contributed to the negligence of the appellant by working on top of the retaining wall knowing he might slip on the grass, dirt and refuse he saw there and fall into the space between the wall and the truck, but without knowledge that appellant was also maintaining an upturned hook on which he was likely to be impaled.

■ We think the district court did not err in holding that under the California law appellee was not contributorily negligent in his impalement on the hook. In the recent case of Schance v. H. O. Adams Tile Co., 1955, 131 Cal.App. 2d 549, at page 554, 280 P.2d 851, at page 854, that court repeats its holding in Ridge v. Boulder Creek etc., School District, 1943, 60 Cal.App.2d 453, 460, 140 P.2d 990:

> " '* * * Knowledge that danger exists is not knowledge of the amount of danger necessary to charge a person with negligence in assuming the risk caused by such danger. The doing of an act with appreciation of the amount of danger in addition to mere appreciation of the danger is necessary in order to say as a matter of law that a person is negligent.' "

■ In so holding the law as to contributory negligence, the court of appeals is supported by the dictum of the California Supreme Court in a case where the defense was on the different issue of assumption of risk by the plaintiff, De Graf v. Anglo California National Bank, 1939, 14 Cal.2d 87, 92 P.2d 899. There in upholding the jury's decision that the defense of assumption of risk was not maintained, the supreme court stated also at page 100 of 14 Cal. 2d, at page 905 of 92 P.2d, " ' "The fact that one voluntarily assumes a certain degree of risk is not conclusive of negligence." ' " Cf. Hayes v. Richfield Oil Co., 1952, 38 Cal.2d 375, 385, 240 P.2d 580, holding the question of contributory negligence is one of fact for the jury. Here, the jury being waived, the question was equally one of fact for the court.[4]

The judgment is affirmed.

---

2. "VIII. * * * That there was a reasonably foreseeable hazard of falling from the top of said cement retaining wall into the pit, or into the truck, or between the pit and the truck. That it was reasonably foreseeable that the results of such a fall would be minor cuts, skin burns or bruises. That the hazard of being impaled on a metal hook projecting from the side of the truck in the pit was not known to plaintiff and could not have been reasonably foreseeable by plaintiff; but that said hazard was known to said defendant and was reasonably foreseeable by said defendant."

3. Smith v. Occidental, etc. Steamship Co., 1893, 99 Cal. 462, 469, 34 P. 84; Zentz v. Coca Cola Co., 39 Cal.App.2d 436, 444, 247 P.2d 344.

4. Cf. also our opinion in Sullivan v. Shell Oil Co., 9 Cir., 234 F.2d 733.