[Civ. No. 17837. First Dist., Div. Two. Sept. 2, 1958.]

JOSEPHINE PERROTTI, as Administratrix, etc., Appellant, v. CARL O. SAMPSON et al., Respondents.

Jack H. Werchick for Appellant.

Boyd, Taylor, Nave & Flageollet for Respondents.

DOOLING, J.—Plaintiff, administratrix of the estate of Robert Perrotti, appeals from a judgment for defendant in an action for wrongful death.

The evidence shows that at approximately 8:30 p. m. the decedent was struck and killed by an automobile driven by re-

spondent. This accident occurred on Bayshore Highway, a four-lane road, at the intersection of Belle Avenue in Redwood City. At this time the traffic was light, the weather clear, the visibility good and the roadway dry.

Respondent testified that he was driving in the inner (east) lane of the southbound lanes at a rate of speed of approximately 55 miles per hour. He first saw decedent "trotting" across the highway from east to west at a distance of from 20 to 40 feet in front of his automobile. Respondent immediately applied his brakes and swerved to the right into the outer (west) lane.

Prior to this fatal accident decedent was involved in another accident, striking the rear of an automobile driven by one Hoffman. Hoffman after the collision parked on the east side of the highway. Decedent parked on the west shoulder and walked across the highway to Hoffman's automobile. He was struck by respondent's car as he was returning to his car.

The skid marks indicated that respondent's automobile stopped 258 feet from the point where there was the first evidence of braking. These marks were entirely in the outer (west) lane and they started from a point approximately 20 feet to the rear of decedent's parked automobile. Appellant's expert witness testified that respondent's automobile must have been in the outer lane for a minimum distance of 200 to 300 feet and traveling at a speed of approximately 70 miles per hour before the brakes were applied.

There was evidence that decedent had been angry and upset after his accident with Hoffman.

The court instructed the jury clearly on the meaning and effect of the burden of proof (BAJI No. 21), and that the burden of proving defendants' negligence and that such negligence was a proximate cause of the accident rested on the plaintiff, with the admonition: "If the plaintiff fails to carry such burden of proof, your verdict must be in favor of the defendants." On the question of burden of proof of contributory negligence the court gave no such clear instruction. The only mention of the burden of proof of contributory negligence was contained in the following instruction given at defendants' request.

"Contributory negligence is the want of ordinary care on the part of a person injured by the actionable negligence of another, combining and concurring with such negligence and proximately contributing to the injuries. Ordinarily, the burden rests upon the defendants to prove contributory negli-

gence, the exception being where such contributory negligence, if any, appears from the testimony offered on behalf of plaintiff, exclusive of any evidence produced by plaintiff from the mouth of defendants.''

Plaintiff requested Instruction Number 103-C from BAJI, fourth edition, which the trial court refused to give. This proposed instruction would have correctly informed the jury of the burden of proof of contributory negligence in the following language:

''Have in mind also that the defense of contributory negligence is an affirmative defense, and if it has not been established by a preponderance of the evidence, your finding must be in plaintiff's favor on that issue.''

■ The burden of proving contributory negligence by a preponderance of the evidence is constant. It must appear from a preponderance of the whole evidence that the party injured by the defendant's negligence was himself guilty of negligence which proximately contributed to his injuries. ■ That burden of proof may be satisfied by the evidence produced by plaintiff alone if the jury finds from plaintiff's own evidence that the probabilities are in favor of such contributory negligence and of its having proximately contributed to the injuries; but the plaintiff is entitled to have the jury instructed that from whatever source the evidence of contributory negligence comes the jury can only find the defense of contributory negligence established if it finds a preponderance of the evidence in favor of that defense. (See the excellent discussion of this subject in the text of 1 BAJI, 4th ed., p. 296, where it is pointed out that an instruction such as that here given ''reveals a failure to distinguish between burden of proof as fixed by the affirmative allegations of the pleadings, and the possible methods of proof.'' The text adds: ''It is important to note the distinction between the burden of proof as an obligation or risk imposed by law, and the *means* by which the burden may be fulfilled. When the burden is yours, it is possible for evidence produced by your adversary to be the means. But the fact that he so helps you, even to making it unnecessary for you to produce any additional evidence, does not change the obligation or risk that you assumed in making the affirmative allegation.'' *Cf*. 1 BAJI, 4th ed., p. 306: ''Regardless of how the fact may be shown, the burden of proving contributory negligence by a preponderance of evidence rests on the defendant. True, he may be so aided by

plaintiff that he need present no evidence on the point himself, but this fact does not shift the burden of proof.'')

█ The proper form of instruction is set out in BAJI, 4th edition, Number 133, in which the jury is instructed that in determining whether negligence, contributory negligence or proximate cause has been proved by a preponderance of the evidence the jury should consider all of the evidence on the subject regardless of who produced it and if the testimony produced by a party himself should in the judgment of the jury support a finding against him on the issue as to which the other party has the burden of proof such evidence will support a finding, even if the other party produced no evidence on the subject.

The identical instruction on the burden of proof here given was the subject of criticism in *Hickenbottom* v. *Jeppesen*, 144 Cal.App.2d 115 [300 P.2d 689]. The court in Hickenbottom said of this instruction at page 122: ''That language was unfortunate but we do not believe it misled the jury, for it was immediately followed by this definitive statement: 'In other words, the burden of proof is met as to contributory negligence if the same is shown by the evidence in the case regardless of by whom the evidence is introduced.' ''

█ This latter sentence makes it clear that the burden of proof does not shift if there is evidence in the plaintiff's case from which his contributory negligence may be found, but that whatever the source of the evidence the jury must still find a preponderance of the evidence in favor of the defense of contributory negligence. The qualifying language last quoted was offered as a part of defendants' instruction on the burden of proof of contributory negligence but was unfortunately stricken from the instruction as given by the court. In Hickenbottom also the court gave other correct instructions on ''defendant's duties and his burden of proof.'' (144 Cal.App.2d 123.)

In this case the court not only gave the misleading instruction on the burden of proof of contributory negligence, but refused a correct instruction on the subject requested by plaintiff, and struck from the instruction given the sentence which would have clarified the fact that the burden must be met, whether the evidence to satisfy it came from the defendants' or the plaintiff's witnesses.

The court also gave the sturdy indestructible instruction, criticized by our Supreme Court at least as early as 1874 in *Robinson* v. *Western Pacific R.R. Co.*, 48 Cal. 409, 422-423,

where that court said: "The *formula* is, not that any degree of negligence on the part of the plaintiff which directly concurs in producing the injury (however slight) will constitute a defense; but if the negligence of the plaintiff, which amounts to the absence of ordinary care, shall contribute, in any degree, proximately to the injury, the plaintiff shall not recover."

The idea that even the slightest degree of negligence of the plaintiff is sufficient to constitute contributory negligence dies hard. Despite the fact that this form of instruction has for over 80 years been repeatedly disapproved it still raises a sturdy head to plague appellate courts. (*Polk* v. *City of Los Angeles*, 26 Cal.2d 519, 535 [159 P.2d 931], where the court said that it is probably not advisable to give this instruction because of its lack of clarity and probably confusing character; *Clark* v. *State*, 99 Cal.App.2d 616 [222 P.2d 300], where the giving of such instructions was held ground for reversal; *Hickenbottom* v. *Jeppesen, supra*, 144 Cal.App.2d 122-123, where a similar instruction was disapproved but held not prejudicial in view of other correct instructions given.)

The court also gave an instruction on unavoidable accident which under the recent decision in *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500], was erroneous and could only further confuse the jury.

The combination of these several instructions and the failure to give a correct instruction on the burden of proof offered by plaintiff left the resolution of the issues of contributory negligence and proximate cause in a state of confusion which we cannot refuse to find prejudicial.

Appellant also complains of the refusal of the court to permit her to cross-examine one of her own witnesses, a police officer whose testimony differed in one respect from the fact as stated in his written report. This officer had testified to the same effect at a previous trial and had informed an investigator employed by plaintiff's attorney that the fact as stated in his report was erroneous. The trial judge did not abuse his discretion in holding that appellant had not shown the surprise required to justify the cross-examination of her own witness. (*Sandoval* v. *Southern Calif. Enterprises, Inc.*, 98 Cal.App.2d 240, 245-246 [219 P.2d 928].)

Appellant complains of the admission of evidence of the details of her decedent's prior accident. The details of the other accident, if properly objected to, should not

be admitted since such proof might be given weight by the jury in passing on the question of decedent's contributory negligence in this case. Evidence of previous accidents is properly excluded since it has no probative value on the question of the party's negligence in the case at issue. (*Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636, 640 [270 P.2d 942].) In contradistinction to such evidence, the mere fact of the accident and the testimony tending to show that decedent was emotionally upset when he started to cross the highway would seem relevant on the question of contributory negligence. (*Cope* v. *Davison*, 30 Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667].)

Other claimed errors need not concern us since they are not apt to recur.

Judgment reversed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied September 22, 1958, and respondents' petition for a hearing by the Supreme Court was denied October 28, 1958.