[*Civ. No. 19062. First Dist., Div. Two. Jan. 16, 1961.*]

JOSEPHINE PERROTTI, as Administratrix, etc., Appellant,
v. CARL O. SAMPSON et al., Respondents.

240

Jack H. Werchick for Appellant.

Boyd, Taylor, Nave & Flageollet and Herbert Chamberlin for Respondents.

KAUFMAN, P. J.—Plaintiff, administratrix of the estate of her deceased husband, Robert Perrotti, appeals from a judg-

ment for defendants, Carl O. Sampson and Morgan and Sampson, a copartnership, in an action for wrongful death. As it was established Carl O. Sampson was acting as the agent for Morgan and Sampson, a copartnership, and within the scope of his authority, so that his acts were those of his principal, we will refer to C. O. Sampson as the respondent. Appellant argues that the evidence is insufficient to support the judgment, and that the trial court committed prejudicial errors in the admission and exclusion of evidence, in its instructions to the jury, and in improperly invading the province of the jury.

The evidence shows that about 8:30 p.m. on March 7, 1956, the decedent was struck and killed by an automobile driven by the respondent. This accident occurred on the Bayshore Highway, near the intersection of Belle Avenue in Redwood City. The traffic was light, the weather clear, the visibility good and the roadway dry. The Bayshore Highway was a four-lane road, running north and south; the north and southbound lanes were separated by a double white line. At the time of the accident, Belle Avenue was a dedicated street about 50 feet wide with a roadway.

Prior to this fatal accident, the decedent was involved in another accident, striking the rear of an automobile driven by one Hoffman. The decedent was traveling south in the outer (west) lane of the southbound lanes; Hoffman was traveling south in the inner (east) southbound lane. After the collision, the decedent parked his vehicle on the west shoulder of the highway about 250 feet south of the intersection; Hoffman stopped his vehicle approximately opposite the decedent's on the east side of the highway. The decedent then walked across the highway to the Hoffman automobile. After his conversation with Hoffman, the decedent returned to his car, walking across the highway from east to west. He was struck by the left front of the respondent's vehicle and apparently killed instantly.

The respondent testified that he was driving in the inner (east) lane of the southbound lanes at a rate of speed of approximately 55 miles per hour. He first saw the decedent "trotting" across the highway from east to west at the double white line, about 20-40 feet in front of his automobile. The respondent immediately applied his brakes and swerved to the right into the outer (west) lane of the southbound lanes. The skid marks indicated that the respondent's automobile stopped 258 feet from the point where there was first evidence

of braking. These marks were entirely in the outer (west) lane and they started from a point approximately 20 feet to the rear of the decedent's parked automobile. The point of impact could not be determined, but was estimated to have been in the vicinity of the decedent's car. There was evidence that the decedent had been angry and upset after his accident with Hoffman.

The first argument on appeal is that the evidence is insufficient to support the verdict. Appellant argues that the evidence as a matter of law establishes the negligence of the defendant because the evidence shows that the decedent was crossing the highway in an unmarked crosswalk. However, it is uncontroverted that the accident occurred in the vicinity of the decedent's parked car and all of the witnesses testified that the decedent's vehicle was parked about 200 to 250 feet south of the Belle Avenue intersection. The uncontroverted evidence also showed that there was no illumination on the highway at this point. The surrounding area was open fields. There was a small street light at Belle Avenue and another light at the next intersection about 600 feet away. From this evidence, the jury could easily conclude the decedent was not acting reasonably under the circumstances. Appellant's argument is based on the fact that the original accident report made on the night of the accident stated that the decedent's car was parked 50 feet south of the intersection. The next day, this figure was changed to 250. Highway Patrol Officer Cherry, who made the report, testified that the original figure had been based on what Officer Carlson had told him at the scene of the accident. Later that evening, Officer Cherry discovered that he had misunderstood Carlson. The figure was changed the next day, after the measurements had been made. The credibility of these witnesses was obviously a matter for the jury.

Appellant next argues that the negligence of the defendant is established as a matter of law because the evidence showed that the respondent was intoxicated. On this point, however, there was conflicting evidence. Several witnesses testified that the defendant had been drinking on the evening of the accident. The highway patrol officers who investigated the accident testified that after the accident, they smelled alcohol on the respondent's breath but did not think he was intoxicated and saw no reason to give him a sobriety test. The respondent testified that he had had several drinks. Other witnesses testified that the respondent was sober.

█ Appellant further argues that the evidence established as a matter of law that the respondent exceeded the speed limit and failed to yield the right of way to decedent, required by the Vehicle Code. This argument is based in part on the testimony of appellant's expert witness. In answer to a hypothetical question in which he was given the facts known about the accident, the expert estimated that the respondent's automobile must have been in the outer lane for a minimum distance of about 200-300 feet and traveling at a speed of approximately 70 miles per hour, before the brakes were applied. There was also evidence that the respondent was traveling at the speed limit of 55 miles an hour, proper for the area.

Whether the respondent's speed or any greater speed constituted negligence was essentially a factual question for the determination of the jury as was the question of whether or not the decedent had yielded the right of way to the vehicle. (Veh. Code, § 513, now § 40831; § 562, now § 21954.) As is usual in a case of this sort, there is conflicting evidence on most salient points. █ It is axiomatic that conflicts in the evidence are for the trier of fact, and on appeal must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. █ When a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. █ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court. (*Clayton* v. *J. C. Penney Co.*, 186 Cal.App.2d 1, 4-5 [8 Cal.Rptr. 712].) In view of the evidence here presented, there can be no question that there is substantial evidence to support the verdict and judgment in favor of the respondent.

█ The second contention on appeal is that the appellant was denied a fair trial because the trial court invaded the province of the jury as to findings of fact and the determination of the credibility of witnesses. Appellant first argues that the trial court compelled her attorney to read unfavorable evidence from the transcript of testimony from the second trial of the case instead of permitting him to read the complete testimony from only one trial which was more favorable to her. This argument is absurd on its face. Furthermore, the record

244

indicates that when appellant's counsel first asked permission to read portions of Officer Cherry's testimony given in one of the previous trials, respondent's attorney objected, and after discussion in chambers, at which it was pointed out that this prior testimony was inadmissible because the witness was available, the court permitted its admission on the understanding that all such testimony would be read into the record. Appellant's counsel assented. The reading was interrupted to accommodate several other witnesses and later on, Officer Cherry was produced as a witness and testified in person. We think the trial court properly exercised its discretion in this matter. (Code Civ. Proc., § 2042.)

The next argument is that the trial court improperly prevented the appellant from showing the relationship between the respondent and the Redwood City Highway Patrol office. There is no merit in this argument. The evidence excluded related to respondent's ownership of a bar in San Mateo County some 8 or 10 years before the accident. The trial court properly exercised its discretion in excluding such collateral and immaterial evidence.

Appellant next argues that the trial court improperly invaded the province of the jury by preventing them from drawing the reasonable inference that the highway patrol officers who investigated the accident were subsequently transferred to the ''sticks'' after questions were raised about their investigation of the accident. The fact of the transfers was known to the jury from the testimony of the officers, but we think that the trial court properly concluded that the reasons for the transfer were not known and that appellant's attorney was attempting to draw an unwarranted inference from the facts.

Appellant's contentions that the trial court's comments tended to protect respondent's key witness are absurd and perilously close to an insult to this court. The lengthy record indicates that under the difficult circumstances of trying this case for the third time, the trial court can only be commended for the manner in which the case was tried.

We turn now to the appellant's contentions relating to the instructions to the jury. Appellant's chief argument is directed against the following instruction on contributory negligence given by the court on its motion:

''The burden is upon the plaintiff to prove by a preponderance of evidence that the defendant was negligent and that such negligence was a proximate cause of the death of the

deceased. If plaintiff has fulfilled this burden against the defendant plaintiff is entitled to recover damages from the defendant, unless the defense of contributory negligence has been established under the Court's instructions. If plaintiff has not fulfilled this burden against the defendant, the defendant is entitled to your verdict.

"To establish the defense of contributory negligence the burden is upon the defendant to prove by preponderance of evidence that the deceased was negligent and that such negligence contributed as a proximate cause of the death of the deceased. If the burden has been fulfilled the defendant is entitled to your verdict. If not fulfilled, your decision on the issue of contributory negligence must be in plaintiff's favor." This instruction is based on BAJI No. 116, 4th ed., pp. 297-298. This instruction was discussed in the former appeal, *Perrotti* v. *Sampson*, 163 Cal.App.2d 280, 283 [329 P.2d 310], and we think the trial court properly followed our opinion in that case.

At respondent's request, the trial court also gave the following instruction on last clear chance: "A certain reasoning process that we sometimes call to our aid in analyzing the facts of an accident case is known as the Doctrine of Last Clear Chance. It is permissible to use the doctrine only after we first find, and you may not use it unless and until you first shall have found, that in the events leading up to the accident in question both the decedent and defendant were negligent.

"The doctrine of last clear chance may be invoked if, and only if, you find from the evidence:

"First: That the decedent was in a position of danger and, by his own negligence, became unable to escape from such position by the use of ordinary care, either because it became physically impossible for him to escape or because he was totally unaware of the danger.

"Second: That the defendant knew that decedent was in a position of danger and further knew, or in the exercise of ordinary care should have known, that decedent was unable to escape therefrom;

"Third: That thereafter defendant had the last clear chance to avoid the accident by the exercise of ordinary care but failed to exercise such last clear chance, and the accident occurred as a proximate result of such failure.

"If all the conditions just mentioned are found by you to have existed with respect to the accident in question, then you

must find against the defense of contributory negligence, because under such conditions the law holds the defendant liable for any injury suffered by the decedent and proximately resulting from the accident, despite the negligence of the plaintiff.'' This instruction was proper, as in this case, the question of the applicability of the doctrine was a question of fact for the jury. Appellant argues that the last paragraph of the last clear chance instruction conflicted with the above quoted instruction on contributory negligence.

An identical contention was held untenable in *Garibaldi* v. *Borchers Bros.*, 48 Cal.2d 283 [209 P.2d 23].

Appellant further argues that the trial court overemphasized contributory negligence in its instructions, referring specifically to instructions based on BAJI Nos. 103.1, 103.2, 103.3 and 103-B. We need only point out that one of the reasons this court reversed the judgment in the prior appeal, was the trial court's refusal to give some of these very instructions, specifically BAJI No. 103-C (now superseded by BAJI No. 103.1). (*Perrotti* v. *Sampson, supra,* pp. 283-285.)

Appellant next argues that the court gave argumentative instructions favorable to the defendants, referring specifically to the following instruction, requested by the respondent, based on BAJI No. 201-C:

''Before attempting to cross a street that is being used for the traffic of motor vehicles, it is a pedestrian's duty to make reasonable observations to learn the traffic conditions confronting him; to look to that vicinity from which, were a vehicle approaching, it would immediately endanger his passage; and to try to make a sensible decision whether it is reasonably safe to attempt the crossing. What observations he should make, and what he should do for his own safety, while crossing the street are matters which the law does not attempt to regulate in detail and for all occasions, except in this respect: It does place upon him the continuing duty to exercise ordinary care to avoid an accident.'' We think that under the facts of this case, this instruction was properly given and properly states the applicable law. If the instructions have stated the law correctly, no prejudicial error has been committed. (*Ornales* v. *Wigger,* 35 Cal.2d 474, 480 [218 P.2d 531].)

Appellant also argues that the trial court erred to her prejudice in refusing her requested instruction on momentary forgetfulness. The cases on which she relies, *Schance* v.

*H. O. Adams Title Co.*, 131 Cal.App.2d 549 [280 P.2d 851];
*Bickham* v. *Southern Calif. Edison Co.*, 120 Cal.App.2d 815
[263 P.2d 32], however, do not deal with momentary forgetfulness, but with contributory negligence as a matter of law.
The record here shows that the court properly instructed the
jury on the presumption of due care. Further, the record
contained no evidence of any momentary forgetfulness and the
instruction did not contain a qualification as to what the
decedent was supposed to have momentarily forgotten. (*Cf.*
*Philips* v. *Sun-Best Fruit Distributors*, 160 Cal.App.2d 70,
78-79 [324 P.2d 948].) The instruction was, therefore, properly refused. (*Edgett* v. *Fairchild*, 153 Cal.App.2d 734 [314
P.2d 973].) After a careful review of the entire record here,
we can find no errors in the instructions to the jury.

■ The final contention on appeal is that the trial court
erred to the prejudice of the appellant by admitting into evidence the testimony of Mr. Hoffman relating to the accident
which occurred just prior to the fatal accident here involved.
The record indicates that the evidence came into the record
without objection in the trial court. We dealt with this matter
completely on the last appeal, as follows, where we said at
pages 285-286:

"Appellant complains of the admission of evidence of the
details of her decedent's prior accident. The details of the
other accident, if properly objected to, should not be admitted
since such proof might be given weight by the jury in passing
on the question of decedent's contributory negligence in this
case. Evidence of previous accidents is properly excluded
since it has no probative value on the question of the party's
negligence in the case at issue. (*Lowenthal* v. *Mortimer*, 125
Cal.App.2d 636, 640 [270 P.2d 942].) *In contradistinction to
such evidence, the mere fact of the accident and the testimony tending to show that decedent was emotionally upset
when he started to cross the highway would seem relevant on
the question of contributory negligence. (Cope v. Davison,* 30
Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667].)" [Emphasis
supplied.] The record clearly indicates that the trial court
properly observed our holding and properly admitted the
evidence for a limited purpose.

No prejudicial error appearing, the judgment must be and
is hereby affirmed.

Draper, J., and Shoemaker, J., concurred.